The HAYTIAN REPUBLIC.

UNITED STATES v. The HAYTIAN REPUBLIC.

(Circuit Court of Appeals, Ninth Circuit. December 18, 1893.)

No. 149.

1. ADMIRALTY PRACTICE—LIBEL OF FORFEITURE—SECOND SEIZURE.

A vessel which is seized under a libel of forfeiture for violating the revenue laws, and is released on bond, is not subject to seizure in a different district under a libel alleging other violations committed during the same period. The Langdon Cheves, 2 Mason, 59, distinguished. 57 Fed. 508, affirmed.

2. SAME—RELEASE—BOND—VALIDITY.

The release bond of a vessel is not rendered invalid by the mere omission from the condition clause of the specified sum to be paid in case of default, when the bond contains a distinct obligation to pay the appraised value. 57 Fed. 508, affirmed.

Appeal from the District Court of the United States for the District of Oregon.

In Admiralty. Libel of forfeiture against the steamship Haytian Republic (the Northwest Loan & Trust Company, claimant) for violation of the revenue laws. Exceptions to the libel were sustained. 57 Fed. 508. The United States appeal. Affirmed.

John M. Gearin (Daniel R. Murphy, U. S. Atty., on the brief,) for the United States.

Andros & Frank, for appellees.

Before McKENNA and GILBERT, Circuit Judges, and HAN-FORD, District Judge.

GILBERT, Circuit Judge. On the 6th day of June, 1893, the steamship Haytian Republic was seized for forfeiture by the United States in the district court of the United States for the district of Washington for alleged violations of the revenue laws of the United States, by smuggling and clandestinely introducing prepared opium, and for violation of the laws relating to the importation of Chinese laborers, committed between the 28th day of September, 1892, and the 28th day of May, 1893. The vessel was thereupon claimed by her master, and an appraisement was had, upon the order of the court, at the petition of the claimant, and upon the 9th day of June, 1893, the vessel was released upon the claimant's bond for her value as appraised, and she thereupon proceeded upon her business. Upon the 3d day of July, 1893, at the port of Portland, Or., the vessel was again seized by the United States, and a libel of information was filed by the United States attorney for forfeiture for acts set forth in the libel, and other acts appearing. The acts charged in the libel were of two classes: First, acts of a similar nature to those for which she was seized in the district of Washington, and occurring prior to the date of her seizure there; second, acts in violation of the Chinese exclusion laws, committed subsequent to her release from the former seizure. The claimant answered, denying the charges of violation of the Chinese exclusion acts, but filed exceptions to the other counts of the libel, setting up, in defense thereof, the former seizure, and the pendency of the proceedings for forfeiture in the district court for the district of Washington.

All of the exceptions were sustained by the court. Trial upon the issues raised by the answer resulted in a decree for the claimant. From the decree, the United States brings this appeal, assigning as error the decision of the district court in sustaining the exceptions to portions of the libel. It is the appellant's contention that the pendency of the prior proceeding is no bar to the prosecution of the present suit, for the reasons—First, that the causes of suit are not the same, since the acts charged in the libel in the district court of Oregon, while covering the same period as those charged in the libel in the district court of Washington, are nevertheless distinct and separate therefrom; and, second, that the former proceeding so pleaded is pending in a court of a different jurisdiction from the present proceeding, and could not, therefore, be pleaded in bar of the latter, even if the two causes of suit were the same. The decision of these questions brings under consideration the nature of the proceeding whereby the United States have seized this vessel for condemnation and forfeiture. The suit for forfeiture is a proceeding in rem. It can only be brought in the district court of the United States. The court of the district in which the seizure is had acquires exclusive jurisdiction of the property seized. The release of the vessel upon the bond for value does not change the nature of the proceeding. The bond so given takes the place of the vessel, and the court retains jurisdiction over the subject-matter of the suit

to the same extent, and with the same effect, as if the vessel still remained in custody of the court. The stipulation for value is given in cases where suit is brought, not to enforce a partial lien or charge against the vessel, but to recover the property itself, or to sell the same, as in the present case. The bond in such a case is a pledge or substitute for the property, "as regards all claims that may be made against it by the promoter of the suit." U. S. v. Ames, 99 U. S. 36. There can be no doubt that the United States, the promoter of the suit in the district of Washington, could have charged against the vessel all of the offenses against the revenue and immigration laws that are included in the libel filed in the district of Oregon. Those offenses, if not known to the libelant at the time of the seizure and filing the libel, could have been added by new counts to the libel at any time before the final decree. Admiralty Rule 24; The Marinna Flora, 11 Wheat. 38. No authority is cited in which the question now before the court has been precisely decided. It was held in the court below that the jurisdiction acquired by the court first making the seizure is exclusive. It would seem, from the nature of the proceeding, that this must be so. If the vessel remained in custody of the court first seizing the same, all litigation affecting it, and all remedies of the United States for prior violation of its revenue, immigration, or navigation laws, would be necessarily drawn into that court. The right and remedies of the United States ought not to be enlarged from the fact that the vessel has been released upon claim made and bond given, so long as the United States have the bond for value upon which to satisfy its demands. In the case of U. S. v. Ames, 99 U. S. 42, the court said, of such a bond:

"It became the substitute for the property, and the remedy of the libelants, in case they prevailed in the suit in rem for condemnation, was transferred from the property to the bond or stipulation accepted by the court as the substitute for the property seized."

There is authority for holding that in case of misrepresentation or fraud in obtaining the release of the vessel seized, or where the order of.release was improvidently given, without proper knowledge of the real value of the vessel, or without proper appraisement thereof, the vessel so released may be recalled before final decree in the court in which the seizure was had. The Virgo, 13 Blatchf. 255; The Union, 4 Blatchf. 90; The Wanata, 95 U. S. 611. But there is no authority for holding that, in the absence of such special ground for reviewing the order of release, the United States may in the same court, or in any other court, in any way pursue or seize the vessel after she is so released, except for acts thereafter committed. A second seizure would clearly be oppressive and burdensome, and would be, as we hold, a departure from the general rules of procedure that obtain in proceedings in rem. The presence of the res in the court first seizing the same draws to that court all litigation affecting it.

The doctrine of the case of The Langdon Cheeves, 2 Mason, 59, cited by the appellant, is not perceived to be in conflict with this view, or applicable to this case. The question there before the

court was whether upon seizure, and release to the owner upon his bond, a vessel became discharged of the liens for seamen's wages. The court held that after such release the vessel remained, in the hands of her owner, liable for all liens legally attaching to her. It may be conceded, in the case before the court, that the Haytian Republic, when released in the district of Washington, was not thereby discharged of existing liens created by operation of law or by the act of her owners.

It is contended that the exceptions should have been overruled, for the reason that the record filed in support of the same discloses the fact that no valid or legal bond was filed in the district court of Washington upon the release of the vessel therein. The defect in the bond consists in the omission from the clause containing the condition of the obligation of the specified sum that shall be paid by the obligors in case of default. There is in the bond, however, a distinct obligation upon the part of the persons signing the same to pay a sum equal to the appraised value of the vessel, and we see no reason why a decree may not be taken against the stipulators for that amount. If the bond were fatally defective in form, as claimed, it would seem that that fact would not render the proceedings in the district court of Washington void, but would afford that court a reason for recalling the vessel, or subjecting her to a second seizure in the same court, as indicated in the authorities cited above.

The decree is affirmed.