SOMMERVILLE, J.
In this jactitation suit defendant filed an exception of res adjudicata, which was sustained by the district court, and that judgment was affirmed by the Court of Appeal. These judgments are before the court for review on the petition of plaintiff, with the prayer that they be reversed, and that the case be remanded to the district court to be there tried.
[1] In a former suit between the same parties, on the same cause of action, there had been a judgment of the district court for plaintiff, which was reversed by the Court of Appeal in the following language:
“It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, annulled, and set aside, and that the plaintiff’s demand be dismissed as in case of nonsuit.”
The Court of Appeal now say, in the course of their opinion, affirming the judgment sustaining the plea of res adjudicata:
“But it is urged by the counsel for plaintiff that there was no definitive judgment rendered in the former cause by the court, and that all questions involved in that suit were left open for future determination, by reason of the fact that the case was dismissed as in case of non-suit.
“Counsel, we think, gives to these qualifying words, if they can be considered as such, entirely too broad a meaning, especially when they are considered in connection with the definite pronouncement of the opinion and the decree which followed that opinion. It was plainly held by the court in the former suit that the plaintiff’s possession was of such a nature that he could not maintain such an action, and the decree responsive to that finding declared ‘that for the foregoing reasons, it is ordered, adjudged, and decreed that the judgment appealed from is hereby annulled and set .aside. It is further ordered and decreed that plaintiff’s demand be dismissed at his cost.’
“Had the decree ended here, there could have been no question of the legal effect of that decree. The addition of the words, ‘as in case of nonsuit,’ did not, in our opinion, operate a reservation in plaintiff’s favor of the right to bring another suit on the same cause of action and with the same demand as in the suit which had been decided adversely to the plaintiff on the very issue which is necessary to be established by him in this case in order to succeed.
“In arriving at this conclusion we are not unmindful of the expression found in numerous decisions of the court, to the effect that the ‘reasoning and the opinion of a court upon a subject on the evidence adduced does not have the force and effect of the thing adjudged, unless the subject-matter is definitely disposed of by the decree of the court.’
“Nor, of those cases holding that a judgment of dismissal, as in case of nonsuit, cannot support the plea of res adjudicata as to any of the matters at issue. * * *
“In all of the cases cited and relied on by counsel for plaintiff, where the court stated the broad rule that the ‘reasoning of the court on the subject-matter at issue and commentaries on the evidence form no part of the judgment, unless the subject-matter is definitely disposed of by the decree of the court, and that a judgment of nonsuit will not support the plea of res adjudicata,’ it appears that the subject-matter was not definitely passed upon and determined by the court, but was left open, or the rights of the parties were reserved.
“But in the prior suit between the present litigants the right of the plaintiff to bring an action of slander of title was expressly put at issue, and was definitely decided by the court against him.
“We were fully justified, and could have rendered an absolute judgment rejecting the plaintiff’s demands without any qualification or reservation whatever, but the plaintiff had, by his pleadings and prayer, brought the question of title into the case, and by reason of that fact and as a matter of 'precaution, we added the words, ‘as in case of nonsuit,’ not with the view of reserving to the plaintiff the right to bring the same action again, but rather to reserve his rights upon the question of the ownership of the property. The decree, in our opinion, meant to do no more than to relegate the plaintiff to the petitory action.”
*1095 But, while the court may have intended to do no more than to relegate the plaintiff to the petitory action, it did not dp so. It did not render the absolute judgment it might “have rendered, rejecting the plaintiff’s demand, without any qualification or reservation whatever.” The plaintiff’s demand was dismissed as in case of nonsuit. There was nothing adjudged between the parties.
[2] A judgment of nonsuit is a judgment or decision against a plaintiff when he fails to show a cause of action at the trial, or it may be a judgment ordered for neglect to prosecute, as set forth in the first paragraph of article 536, C. P. It is a judgment “not to follow.”
“Such judgment cannot be pleaded as res adjudicata, or in bar of another suit, for the same cause of action, provided the plaintiff shows that he has paid the costs of the first suit.” C. P. art. 536.
The Court of Appeal correctly state the law when they say:
“Reasoning and the opinion of a court upon a subject on the evidence adduced does not have the force and effect of the thing adjudged, unless the subject-matter is definitely disposed of by the decree of the court”
—but they erred in giving effect to the reasoning found in their former opinion in the suit between these same parties, when their decree did not definitely dispose of the suit between plaintiff and defendant.
The former judgment was one of nonsuit, ■and it was not properly pleaded in bar of this suit.
It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal for the Second Circuit, sitting at Alexandria, be reversed, and that there now be judgment directing said Court of Appeal to reverse the judgment of the Thirtieth judicial district court for the parish of La Salle, rendered in this cause, sustaining the plea of res adjudicata filed by defendant, at the cost of defendant in all courts.