(136 So. 88)

**GOUDEAU v. ROACH et al.**
No. 31110.

May 25, 1931.

Rehearing Denied June 22, 1931.

L. A. Goudeau, of Grand Coteau, in pro. per.

E. R. Kaufman, of Lake Charles, for appellee Barbe.

O'NIELL, C. J.

On the 9th of October, 1913, Mrs. Henrietta E. Goudeau, who is now Mrs. Roach, signed what purported to be an act of sale to her brother, Alfred M. Barbe, of lots 4, 5, and 6, in block 4 of the Barbe addition to the city of Lake Charles. The consideration for the sale was declared in the deed to be $4,000, paid to her in cash by Barbe. Mrs. Roach was then the wife of Lionel A. Goudeau, and he signed the deed to authorize her to sign it; and both of them, on the same day, signed an acknowledgment before a notary public and two witnesses that Mrs. Goudeau had executed the deed, "and that it was her own free and voluntary act, for the uses and purposes therein expressed." The deed was promptly recorded.

In April, 1930, Goudeau brought suit against Mrs. Roach and obtained judgment against her for $3,375.53, plus interest, attorney's fee and costs, and levied a seizure on the three lots. Averring that Mrs. Roach had remained in possession of the property, and that the instrument dated the 9th of October, 1913, purporting to be a sale of the property to Alfred M. Barbe, was in fact only a security transaction, to secure a debt of $1,650, which Goudeau alleged had been paid, Goudeau proceeded by rule against Barbe to have the instrument canceled and to have the property declared to be that of Mrs. Roach. Barbe excepted to the proceeding by rule, and by consent it was dismissed.

Goudeau then brought suit against Barbe and Mrs. Roach to have the instrument dated the 9th of October, 1913, declared only a security transaction, and to have the property declared to be that of Mrs. Roach, and subject to seizure under Goudeau's judgment against her. Barbe filed an exception of no cause or right of action; the exception being based upon Goudeau's failure to allege that there was a counter letter or other written evidence that Mrs. Roach retained an equitable title to the property, and upon Goudeau's failure to propound written interrogatories to Barbe on the subject. The exception was sustained and Goudeau's suit was dismissed "as in case of nonsuit."

Thereafter Goudeau filed another suit against Barbe and Mrs. Roach, for the same relief that was prayed for in his former suit. He made the same allegations that were made in his former petition, and additional allegations to the effect that the deed dated the 9th of October, 1913, had been obtained from Mrs. Roach by Barbe through error on her part, induced by fraudulent misrepresentations on Barbe's part. To this latter suit, Barbe filed a plea of res judicata, basing the plea upon the judgment of nonsuit theretofore rendered, and averring that the only reason why the court had rendered a judgment of nonsuit, instead of a decree finally rejecting the plaintiff's demand, was to permit him to renew his suit by propounding written interrogatories to the defendant Barbe. He filed also a plea of estoppel, averring that Goudeau was estopped by his judicial allegations in his previous suit, which had been

dismissed on the exception of no cause of action, and that his allegations of error on the part of Mrs. Roach and fraud and misrepresentations on the part of Barbe were not consistent with the allegations in Goudeau's former suit, and that the allegations made in that suit could not be changed or varied. The court sustained the plea of res judicata and the plea of estoppel, and dismissed Goudeau's second suit. He then instructed the sheriff to readvertise the property for sale to satisfy his judgment against Mrs. Roach, and the sheriff proceeded accordingly; whereupon Barbe applied for and obtained a writ of injunction arresting the sale. In his petition for the injunction, he set up his deed to the property, and a plea of res judicata, founded upon the judgment rendered in Goudeau's first suit, which had been dismissed as of nonsuit. Answering the petition, Goudeau made the same allegations which he had made in his second suit, and set up a plea of estoppel, averring that he had been induced to make the loan to Mrs. Roach, which was the basis of his judgment against her, by assurances on the part of Barbe that the property in question belonged to her, that she had paid the debt for which it was deeded to him (Barbe), and that he would retransfer the property to her. On the trial of the injunction suit, Barbe objected to Goudeau's introducing evidence in support of his plea of estoppel, on the ground that the question of title was res judicata, and that, as Goudeau had not availed himself of his right to set up the plea of estoppel in his former suits, he could not set it up in defense of the injunction suit. The judge overruled the objection and heard the evidence on Goudeau's plea of estoppel. Thereafter the judge reconsidered and reversed his ruling on the admissibility of the evidence, and refused to consider the evidence, on the ground that the plea of res

judicata, urged as an objection to the admissibility of the evidence, was well founded, and on the further ground that Goudeau's failure to plead the estoppel in either of his suits against Barbe prevented his making the plea in defense of Barbe's injunction suit. For these reasons, and without considering the testimony in the case, the judge gave judgment in favor of Barbe, perpetuating the writ of injunction.

Goudeau has appealed from the three judgments, viz.: (1) The judgment dismissing his first suit as of nonsuit; (2) the judgment sustaining Barbe's plea of res judicata and plea of estoppel in defense of Goudeau's second suit; and (3) the judgment sustaining Barbe's plea of res judicata in bar of Goudeau's defense to the injunction suit, and sustaining Barbe's objection to the introduction or consideration of evidence in support of Goudeau's plea of estoppel in that suit, and, for these reasons, perpetuating the writ of injunction.

▰▰ Our opinion is that the judgment rendered in Goudeau's first suit against Barbe and Mrs. Roach, dismissing the suit "as in case of nonsuit," is correct. There was no allegation, in that suit, of error on the part of the then Mrs. Goudeau, or on the part of Goudeau himself, induced by fraud or misrepresentation on the part of Barbe; and there was no allegation of the existence of a counter letter or other evidence of an equitable title in Mrs. Goudeau; and no written interrogatories were proposed to be propounded to Barbe. It was not contended that the instrument purporting to be a sale to Barbe was a simulation. On the contrary, it was alleged that the sale was made to secure a debt, which, it was alleged, was afterwards paid. The suit was not founded upon the articles of the Civil Code (specifically articles 1969 and 1970) which give to every creditor a right of action to annul any contract made by the

debtor in fraud of the creditor's rights. The suit could not rest upon that right of action, because Goudeau was not a creditor of the present Mrs. Roach when the transaction in question was made.

Goudeau's contention is that, as a creditor of Mrs. Roach, he has the right to bring any action as far as his interest as a creditor is concerned, which Mrs. Roach might bring for her own benefit, except, of course, on a right of action strictly personal to her. The argument is founded upon the proposition stated in articles 3182 and 3183 of the Civil Code, that the property of the debtor is the common pledge of his creditors, and on the same principle by which, according to article 1021 of the Code, the creditors of an heir who refuses to accept an inheritance may accept it in his name and stead. Conceding, for the sake of argument, that Goudeau, as a creditor of Mrs. Roach, may assert whatever right of action she has to recover the property in question, his right of action cannot be greater than hers; and her right to recover the property would depend upon her ability to produce a counter letter, or other written evidence of title, or upon the defendant's answers to written interrogatories propounded to him. As this court said in Maskrey v. Johnson, 122 La. 791, 48 So. 266, citing many decisions:

"Where the owner of real estate, uninfluenced by fraud or error, vests the title thereto in another, such title can be devested, as simulated, only upon the production of a counter letter, or upon the basis of answers, elicited from the apparent owners, to interrogations on facts and articles."

■■ Our opinion is that the district judge erred in dismissing Goudeau's second suit, on the plea of res judicata, based upon the judgment dismissing his first suit "as in case of nonsuit." Article 536 of the Code of Practice, referring to a judgment of nonsuit, says: "But such judgment can not be pleaded, as res judicata, or in bar of another suit, for the same cause of action." And it was so said in the following cases, viz.: Coleman v. Forsythe, 137 La. 1092, 69 So. 849; Laenger v. Laenger, 138 La. 532, 70 So. 501; and Sander v. New Orleans & N. E. Railroad Co., 139 La. 85, 71 So. 238.

It appears from the written reasons given by the district judge for dismissing Goudeau's first suit that the reason why the judge rendered only a judgment of nonsuit, instead of a judgment finally rejecting Goudeau's demand, was to allow him to renew his suit by propounding written interrogatories to the defendant Barbe. But the reason or reasons for the rendering of a judgment of nonsuit, instead of a decree finally rejecting the plaintiff's demand, cannot make the judgment of nonsuit the basis for a plea of res judicata. It was so decided in Coleman v. Forsythe, 137 La. 1092, 69 So. 849, 850, where the Court of Appeal had rendered a judgment of nonsuit for want of possession in the plaintiff in an action for slander of title, and afterwards sustained a plea of res judicata in bar of another action for slander of title, brought by the same plaintiff against the same defendant and on the same cause of action. This court reversed the latter judgment, saying, of the judges of the Court of Appeal: "But they erred in giving effect to the reasoning found in their former opinion in the suit between these same parties, when their decree did not definitely dispose of the suit between plaintiff and defendant." The decisions maintaining that the reason or reasons for the rendering of a decree do not form part of the decree are too numerous to be cited.

■ The district judge erred also in sustaining Barbe's plea of estoppel in Goudeau's second suit. The plea was urged in defense of

Goudeau's allegations of error, fraud and misrepresentation. Stated specifically, the plea was that Goudeau was estopped to allege error, fraud or misrepresentation, by his failure to make such allegations in his first suit. We do not find anything in the allegations in the second suit that is not consistent with the allegations made in the first suit. The allegations made in the first suit did not go as far as they did in the second suit; but it is well settled that judicial allegations or pleadings made unsuccessfully do not have the affect of an estoppel. Godwin v. Neustadtl, 47 La. Ann. 850, 17 So. 471; Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539; Kentwood Bank v. McClendon, 152 La. 489, 93 So. 748, 749; Tennent v. Caffery, 163 La. 978, 113 So. 167, 168; Strange v. Continental Supply Co., 165 La. 20, 115 So. 353. In Appalachian Corporation v. Brooklyn Cooperage Co., it was said:

"Parties are not bound by judicial allegations of fact which terminate unsuccessfully."

In Kentwood Bank v. McClendon, it was said:

"Judicial allegations of fact pleaded unsuccessfully cannot be made the ground for estoppel, especially where the party urging the estoppel has not been forced into a disadvantageous position."

In Tennent v. Caffery, it was said:

"Parties are not bound by judicial allegations of fact, which terminate unsuccessfully, and especially is this true where party pleading such allegations as estoppel has not acted thereon and has not been prejudiced thereby."

For the reasons which we have given in reference to the judgment dismissing Goudeau's second suit, the judgment rendered in Barbe's injunction suit is wrong. That judgment was founded entirely upon Barbe's objection to Goudeau's introducing evidence in support of his defense—the objection being based, first, upon the plea of res judicata; and, second, upon the proposition that Goudeau's failure to plead an estoppel in either of his previous suits, which were unsuccessful, prevented his pleading the estoppel in defense of Barbe's injunction suit.

### Decree.

The judgment dated the 19th of May, 1930, dismissing Goudeau's first suit "as in case of nonsuit," is affirmed. The judgment dated the 30th of June, 1930, sustaining Barbe's plea of res judicata and plea of estoppel, and therefore dismissing Goudeau's second suit, and the judgment dated the 12th of December, 1930, perpetuating Barbe's writ of injunction, are annulled; and the case is ordered remanded to the district court for such further proceedings in the last-mentioned two suits as may be consistent with the opinion which we have rendered in this case. The appellant, Goudeau, is to pay all costs of his first suit. The appellee Barbe is to pay the costs of appeal in Goudeau's second suit and in Barbe's injunction suit; and the costs incurred in the district court, in the two latter suits, respectively, are to abide the final disposition thereof.