LANDRY, Judge.
This is an action by the alleged sole surviving member of a voluntary unincorporated association known as “Bonfouca. Hunting Club” (hereinafter sometimes referred to and designated simply as “Club”) to be judicially recognized as such and in such capacity decreed owner of all the assets of said Club and more particularly of' a fund of considerable proportions, realized from the sale of certain properties belonging to said Club and deposited in registry of the Twenty-second Judicial District. Court; St. Tammany Parish, Louisiana. From the judgment of the trial court rejecting and dismissing his claim upon pleas-of estoppel plaintiff prosecutes this appeal.
A brief résumé of the facts and circumstances culminating in the present litigation will, we believe, afford a better understanding of the issues involved herein. The only evidence introduced in the case-consists of a typed, uncertified copy of a petition filed in a partition suit in which the name of plaintiff herein appears as a petitioner, therefore, it will be understood . *569 that the chronology of events hereinafter set forth was gleaned not from evidence adduced on the trial of the pleas of es-toppel but rather entirely from the allegations in the various pleadings filed herein, the argument of counsel in brief and orally before this court and the averments in the previously mentioned partition suit which will be hereinafter dealt with in more detail.
In the early 1880’s a large number of persons entered into a voluntary arrangement creating an unincorporated association known as “Bonfouca Hunting Club” for the purpose of acquiring property for the exclusive use of its members who desired to utilize same as a hunting and game preserve. To raise funds for the mutually ■desired objective, literally scores of persons became members of the club and. contributed sums ranging in amount from 50^ to $10.00 the aggregate of which was employed in the purchase of a large tract of land in St. Tammany Parish, Louisiana.
In the year 1928 Manuel Pichón, plaintiff in the case at bar, together with numerous other parties including some of the original contributors to the land purchase fund as well as certain heirs and assigns ■of such original contributors, filed suit to provoke partition of the property purchased in the name of the Club, the suit being instituted against various other original contributors and heirs and assigns of such ■contributors made defendants therein. Pending a trial of said partition action many of the parties plaintiff and defendants died rendering trial thereof impractical and more difficult.
Subsequently a receivership proceeding was instituted which resulted in the eventual appointment of a receiver who administered the affairs of the Club for a period ■of more than 20 years and, during the year 1957, pursuant to judicial authority, sold the property purchased by the Club and ■deposited the proceeds of said sale amounting to $70,000.00 in the registry of the court. In the course of the receivership proceedings additional original contributors and heirs of previously deceased contributors died. Many of the original members as well as heirs of such members have transferred their interest in the Club.
It further appears that after sale of the property certain claimants to the fund tendered their claims which were allowed upon a showing that they were either original contributors or heirs or assigns of an original contributor. By order of court all such claimants received that pro rata portion of the fund that their investment or contributions bore to the total sum paid for the property purchased by the Club.
In 1955, plaintiff herein, Manuel Pichón, filed the instant suit in which he alleges himself to be the only surviving member of the Club and in such capacity entitled to all assets thereof and more particularly, the fund in the registry of the lower court. In addition he prays for recognition and reservation of his right to recover such sums as have been withdrawn from the amount held in escrow.
Despite the fact plaintiff named no specific defendants in the petition filed herein, numerous parties appeared by way of intervention and third opposition to contest plaintiff’s action. Said appearers (most of whom had withdrawn a portion of the funds on deposit) filed various exceptions and pleas of both judicial and equitable estoppel. Mrs. Josephine B. Jahraus, claiming an interest in the fund by purchase from certain parties allegedly entitled to share therein, filed pleas of non-joinder of parties plaintiff and defendant on the grounds there were surviving members other than plaintiff and certain other parties who should be impleaded as defendants. In addition she filed a plea of judicial and equitable estoppel predicated on the allegations made by plaintiff in the aforementioned partition suit instituted in 1928, in which present plaintiff joined those parties requesting a division of the Club’s property and in which Mrs. Jahraus was named defendant.
*570 By way of intervention Marcel J. Cousin filed an exception of non-joinder of parties defendant based on the contention he was entitled to a share of the fund in question in the capacity of an original member and additionally by way of inheritance of the rights of his father whom he asserts to have been a contributor. Cousin also tendered exceptions of no right and no cause of action coupled with pleas of estoppel.
A petition of intervention was also filed on behalf of one Onezine Faciane and certain other named individuals urging exceptions of non-joinder of parties plaintiff and defendant and no right and no cause of action. No plea of estoppel appears to have been filed on behalf of this group.
As previously stated, the trial court sustained the pleas of estoppel filed on behalf of the aforesaid intervenors and dismissed plaintiff’s suit. The trial court did not pass upon the various exceptions filed by intervenors.
It is readily conceded in the brief of able counsel for appellees that the pleas of estoppel relied upon herein are predicated upon the following averments appearing in Articles 3 and 4 of the partition suit of 1928, in which plaintiff herein, Manuel Pichón, is alleged to have participated as a party plaintiff:
“Third:
“That by the laws of the Ass’n the interest of each member thereof was fixed and measured by the amount contributed by him for the purchase of such land, and such amount has been used as the basis of calculation in fixing the above set forth interests of the parties thereof, all as will be fully established upon the trial of this case.
“Fourth:
“That a number of the original members of the original members (sic) of the Bonfouca Hunting Club have died since the payment of the amounts subscribed by them, and since the purchase and acquisition of such lands, leaving heirs who have either joined as parties plaintiff with the surviving original members of such Club or have been made parties defendant to this action, and several of the original members of the Bonfouca Hunting Club and many of the heirs of deceased members thereof have sold, conveyed and transferred their respective rights and interest in and to the land in question and such transferrees (sic) have been joined either as parties plaintiff or defendant in this action, all of which will be more fully shown upon the trial of this cause.”
The position of intervenors (defendant-appellees) is that inasmuch as plaintiff in the instant matter was a party plaintiff in the partition suit of 1928, and therein proclaimed himself to be the owner of a specific proportional interest in the property, namely, an undivided 2/811 interest therein, plaintiff is presently estopped to deny said asseverations and barred from claiming the fund in toto. Appellees further maintain that since the hereinabove recited allegations of the partition suit clearly aver that all members or contributors are entitled to share in the assets of the Club in proportion to their contribution to the land purchase fund and many of the members (or their heirs or assigns) relying thereon have either accepted and withdrawn their respective ratable portions or transferred same for valuable consideration, plaintiff is now estopped to take a position contrary to that assumed in the former action. Also, intervenors contend that plaintiff, having alleged in a judicial proceeding that the interest of each member is fixed by the laws of the Club which provide the measure thereof shall be ratio of contribution to the fund, to escape the effect thereof, bears the burden of proving said acknowledgment was in error and this plaintiff has failed to do. Finally, ap-pellees submit they were misled by the admission of pro rata ownership made in *571 the partition suit (in which intervenors were also parties plaintiff) forasmuch as if plaintiff had therein claimed total ownership appellees Could have asserted proper defenses thereto and would not subsequently have withdrawn their shares or purchased interests from other contributors or heirs and assigns of such other members.
Plaintiff alleges threefold error on the part of the trial court. First, he contends the court erred in permitting the plea of estoppel to be filed by exception rather than by way of affirmative defense in answer. In this regard esteemed counsel for plaintiff takes the position that a plea of estoppel must, of necessity, go to the merits of a cause and therefore requires the taking of evidence before it can be properly adjudicated. On the authority of Young v. New Orleans Public Service, Inc., La.App., 35 So.2d 881, plaintiff maintains a plea of es-toppel is a special defense and must be specially tendered by way of answer.
Secondly, plaintiff’s illustrious counsel argues that, although plaintiff’s name appears on the petition filed in the partition suit of 1928, plaintiff did not join in said action, did not sign the petition, did not authorize his name to be entered as plaintiff therein and further that examination of the original petition will show his name was interlineatcd thereon or added thereto by parties unknown. In this connection we desire to point out that an uncertified typed copy of said petition filed in the record of this case reveals Pichon’s name commences the list of plaintiffs enumerated therein. It further appears therefrom that none of the plaintiffs named therein affixed their signatures thereto, the petition being signed only by the attorney of record therein. Since we do not have either the original petition or a photographic reproduction before us and the typed copy appearing in the record sheds no light on plaintiff’s claim of inter-lineation and since there is no evidence in the record showing that such interlineation, if any, was unauthorized, we cannot pass upon the merits of plaintiff’s claim in this regard. Counsel for intervenors-appellees have filed a supplemental brief herein with a certified photostat of the document in question attached thereto. Although we cannot consider such evidence as it forms no part of the record, it indicates that counsel for appellant may have been in error with respect to his claims of interlineation made before this Court.
Thirdly, plaintiff contends that, assuming arguendo, he was in fact a party to the controversial partition suit, the allegations therein may not be relied upon by inter-venors as the basis for pleas of estoppel inasmuch as the record therein discloses the matter was never tried, did not progress to a conclusion and no judgment was rendered therein. In this regard plaintiff contends the law of this state is settled to the effect that judicial estoppel may be predicated only upon prior contradictory judicial admission or averments which have been urged to successful conclusion.
Learned counsel for intervenors virtually concedes in his brief that the pleas of estoppel relied upon herein are essentially those of judicial estoppel founded on the provisions of LSA-R.C.C. Article 2291 which reads as follows:
“Art. 2291. The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
“It amounts to full proof against him who has made it.
“It can not be divided against him.
“It can not be revoked, unless it be proved to have been made through an error in fact.
“It can not be revoked on a pretense of an error in law.”
Existing jurisprudence has tended to regard a plea of estoppel as an affirmative defense which must be specially plead and would thus seem to indicate that as a matter *572 of procedure such a plea should be made byway of answer rather than by exception. See Young- v. New Orleans Public Service, Inc., 35 So.2d 881, and cases cited therein. However, we note instances in which estop-pel has been raised by way of exception and passed upon by both trial and appellate court without question being raised with regard to the procedural right to present the issue in such form. See Goudeau v. Roach, et ah, 173 La. 61, 136 So. 88.
The instant matter was filed April 19, 1955, and judgment rendered herein sustaining intervenors’ pleas of estoppel on November 22, 1957. The initial appeal was to the Supreme Court of this state and the matter transferred to us by virtue of the revision in appellate jurisdiction effective July 1, 1960, pursuant to appropriate amendment to the constitution of this state. Since this action was filed prior to the effective date of LSA-C.C.P. 1005 (effective January 1, 1961), the procedural question raised by plaintiff must (if determined at all) be decided in the light of the statutory law and jurisprudence in effect prior to January 1, 1961.
Insofar as litigation arising subsequent to January 1, 1961, is concerned, the issue appears to have been clearly settled by Article 1005, LSA-C.C.P. which provides:
“Art. 1005. The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, es-toppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.”
The foregoing provision unmistakably classifies a plea of estoppel as an affirmative defense to be plead in answer. The article is so clear and express it should eliminate all doubt concerning the procedural aspect of the issue insofar as concerns litigation arising subsequent to its effective date.
Because a resolution of the procedural' question presented will have little value as legal precedent in view of the express provisions of Article 1005, LSA-C.C.P. which has now become effective, and further because we believe the judgment of the trial court must be reversed because of error of law irrespective of the procedural question posed, we shall pretermit all consideration of the procedural issue raised by plaintiff appellant herein.
It is the settled jurisprudence of this state that parties are not bound by judicial allegations of fact in proceedings, which terminate unsuccessfully against them and especially is this true when the-party pleading such allegations as judicial' estoppel has not acted thereon and has not been prejudiced thereby. Goudeau v„ Roach, 173 La. 61, 136 So. 88.
A plea of estoppel carries the general implication the pleader has been induced by the conduct or action of another to do something or follow some course he would not otherwise have pursued and which, in addition, resulted in some detriment or loss. State ex rel. Richardson v. Board of Trustees, Teachers’ Retirement System, et al., La.App., 29 So.2d 489.
Estoppel being a harsh doctrine is-not favored in law and he who relies thereon bears the burden of proving all essential elements of the plea. Harvey v. Richard, 200 La. 97, 7 So.2d 674; Arkansas Louisiana Gas Co. v. Thompson, 222 La. 868, 64 So.2d 202; Eaton v. Eaton, 227 La. 992, 81 So.2d 371; Hayward v. Carolina Ins. Co., La.App., 51 So.2d 405; Union Oil Company of California v. Touchet, 229 La. 316, 86 So.2d 50.
*573 An indispensable prerequisite to establishment of a plea of estoppel is proof by the party making the plea of his detrimental or adverse reliance upon the conduct or averments of the party against whom the plea is lodged. Such being the case, for reasons thereby rendered obvious, adjudication of a plea of estoppel can only be had upon receipt of evidence to prove not only the aforesaid vital element of the plea but each and every other element thereof.
Apparently in the instant case the learned trial judge considered the pleas of estoppel in the nature of peremptory exceptions. While it is true that the pleas offered by the various intervenors contain allegations of the essential and necessary ingredients of pleas of estoppel such declarations do not constitute proof thereof. The record before us is barren of the testimony of even one intervenor seeking to establish the grounds upon which the several pleas of estoppel must be founded.
Insofar as the instant pleas of es-toppel may be considered judicial in nature they are without foundation quoad the record as presently constituted for the reason there is no evidence in the record showing the declarations and acknowledgments made by plaintiff in the 1928 partition action were successfully made or that ap-pellees relied thereon to their detriment. At present all we have before us is the petition filed in the former action which was not signed by plaintiff herein or any other petitioner therein enumerated but only by the attorney of record.
Inasmuch as the pleas of estoppel are considered equitable in nature the trial court committed error in sustaining them without requiring proof by the pleader of the essential elements thereof.
Since appellees were neither required nor afforded opportunity to prove their case we believe the ends of justice will be served by reversal of the judgment of the trial court and a remand of this cause to the court below thus affording a trial of this matter in its entirety including trial of the various exceptions not passed upon by the trial court and (depending upon the outcome of the trial of said exceptions) proper trial of defendants’ pleas of estoppel together with the merits of this cause.
We find no merit in the contention of appellees Ralph Robert and Marcel J. Cousin that as to them the judgment of the trial court is now final and plaintiff’s appeal should be dismissed as moot because of certain alleged irregularities in appellant’s petition for devolutive appeal.
Section 2 of Rule VII of this court effective July 1, 1960, provides:
“Rule VII. Section 2. A copy of each motion to dismiss an appeal, together with a copy of the accompanying brief, if any shall be served in person or by mail on opposing counsel, and no motion to dismiss shall be entertained by the court unless accompanied by a certificate of counsel for mover evidencing the making of such service.”
Neither appellee Robert or Cousin have filed in this court a' motion to dismiss this appeal as to them in conformity with the rules of this court as hereinabove set forth. Instead the motion to dismiss with respect to said appellees was made in the brief filed by their counsel in their behalf before this court and as such, does not conform with the hereinabove set forth rule. The rule in question expressly provides that no such motion shall be entertained by the court unless accompanied by certificate of counsel of the mover evidencing the making of service thereof on opposing counsel.
For the reasons hereinabove assigned, the judgment of the trial court sustaining all pleas of estoppel entered on behalf of inter-venors herein is hereby annulled, reversed and set aside and this matter remanded to the trial court for further proceedings consistent with the views expressed herein.
Reversed and remanded.