173 So.2d 251 (1965)
BATON ROUGE LUMBER COMPANY, Inc., Plaintiff-Appellant,
v.
Jesse J. GURNEY, Defendant-Appellee.
No. 6333.
Court of Appeal of Louisiana, First Circuit.
March 8, 1965.
*253 Charles H. Dameron, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellant.
James R. Coxe, of Coxe, Reynolds & Coxe, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
BAILES, Judge.
This is an action by plaintiff-appellant to recover of defendant-appellee the sum of $720.49 and to have recognized and maintained a materialman's lien for that amount against certain property in East Baton Rouge Parish.
Sometime prior to August 24, 1960, the appellee, Jesse J. Gurney, entered into a verbal contract with Homer J. Clegg, a building contractor, for the performance of certain remodeling work on a dwelling. Material for the accomplishment of this work was purchased by Clegg from appellant in the total amount of $720.49.
On completion of the work, and specifically on September 19, 1960, Clegg obtained from appellant a statement of the Gurney Job marked PAID. This account was paid by check subsequently returned to appellant NSF by the bank on which it was drawn. On September 20, 1960, on the strength of the receipted statement, and according to appellee, after he had called the office of appellant and was assured that the account was paid, appellee paid $556 to Clegg. This amount represented the balance due Clegg on the contract, as he had paid already $600 on August 24, 1960.
Subsequent efforts to collect the account from Clegg were unavailing. At some time later, Clegg was adjudged a bankrupt and apparently was discharged of the debt.
Within the lien period, appellant filed a lien on property of appellee on which the materials were used. Appellee's position is that appellant, by its actions, is estopped to assert this claim against him. The trial court maintained the plea of estoppel and rendered judgment in favor of appellee rejecting the demands of appellant, hence this appeal.
In this court, appellant contends that the requirements of the plea of estoppel are not found in this case, but in the event this court should find otherwise, the estoppel should not be maintained beyond the amount of $556. In other words, if this court should find for appellee on the plea of estoppel, the appellant should recover, even so, the difference between $720.49 and $556, or $164.49, for the reason that appellee before September 19, not in reliance on any receipt issued by appellant to Clegg, paid the latter all save $556.
Most of the pertinent facts were stipulated between the parties. It was stipulated that if appellee were sworn and placed on the stand he would testify that Clegg presented to him a receipted statement of the account, that he thereupon called the office of appellant to verify this fact, was told the account was paid, but he is unable to identify the party with whom he spoke, and that on September 20, 1960, he paid Clegg the balance due him on the contract. Mr. St. Clair Bienvenu, the representative of appellant who signed the receipted statement was unable to state definitely that no such call was made by appellee, but only that he could not recall such a conversation nor could he find anyone else in the office who received such a call. However, inasmuch as the case was tried about three years after the transaction, he could not be positive that such a call was not received.
*254 Appellant's specifications of errors are:
1. The District Court was in error in maintaining the plea of estoppel.
2. The District Court was in error in failing to award the plaintiff the full amount sued for plus interest and costs.
3. Alternatively, the District Court was in error in failing to award the plaintiff a judgment for a sum representing the difference between the amount sued for and $556, which latter amount is the only sum paid out by Mr. Gurney in alleged reliance upon the receipt issued by Baton Rouge Lumber Company, Inc.
It appears the following testimony of Mr. Bienvenu on cross-examination is pertinent:
"Q. Is it customary that contractors furnish the property owner with with statements showing that all materials are paid before they draw their final payment to your knowledge? Would that have been the reason that Mr. Clegg secured this statement so that he could draw the final payment?
"A. Mr. Coxe, I don't know. All I can say is that it was customary for Mr. Clegg to ask for and receive a receipted statement every time he paid out a job. This was his custom, and it is customary with many other contractors that I have today.
"Q. And when an account is paid by check do you indicate on your receipts that it has been paid by check?
"A. Not usually, Mr. Coxe, unless I have reason to doubt that check is good, but when a contractor has been doing business with me for a period of time, as Mr. Clegg had with no apparent trouble, I had no reason to doubt the validity of the check.
"Q. And you issued him the paid receipt
"A. Yes."
LSA-R.S. 9:4812 creates a privilege upon the property of the owner, Gurney, in favor of the furnisher of materials, if the latter is not paid within sixty days from the date on which the last material was furnished, and also creates personal liability against the owner for non-payment of such materials.
Thus appellant has a personal right of action against the appellee for the recovery of the materials account. He has no alternative but to discharge this personal liability unless some relief is afforded him in equity.
Appellee contends that the appellant is equitably estopped from asserting this claim against him; that he has performed certain acts which estop him from contending that appellee owes him anything.
As this court said in Levy v. Bonfouca Hunting Club, (1961) 136 So.2d 567:
"A plea of estoppel carries the general implication the pleader has been induced by the conduct or action of another to do something or follow some course he would not otherwise have pursued and which, in addition, resulted in some detriment or loss. State ex rel. Richardson v. Board of Trustees, Teachers' Retirement System, et al., La.App., 29 So.2d 489."
It is axiomatic that estoppel is not favored under the jurisprudence of this state, and the burden of proving the facts to establish it rests on the one relying on the doctrine.
Appellant contends that the essential elements which must be proved to sustain a *255 plea of estoppel are not present in this case. It contends that:
1. The party pleading estoppel must have been misled to his prejudice. See Cockerham v. Aime, La.App., 110 So. 2d 238. The court finds that the defendant was misled to his prejudice by the plaintiff receipting the statement of the account.
2. The party seeking to invoke estoppel must show his own good faith and diligence. See Atlantic Refining Co. v. Golson, La.App., 127 So.2d 341. There is nothing in the record to belie good faith on the part of defendant, nor did plaintiff's counsel in oral argument or in brief show bad faith, in fact, plaintiff admits good faith, on both parties, but does contend that there was lack of due diligence because defendant did not wait until the sixty-day period elapsed to see if any liens would be filed against him. We fail to see this burden on appellee in view of the action of appellant to be next discussed.
Lastly, plaintiff contends that the party sought to be estopped must be guilty of such conduct as was intended to lead the other party to act thereon or there were reasonable grounds to anticipate that he would so act. See Shirey v. Campbell, La. App., 151 So.2d 557.
We feel that the reasonable and likely consequence of the plaintiff placing in Clegg's hands a receipted statement was to mislead appellee and cause him to believe that the account had been paid. It is reasonable to believe that Clegg would use the receipted statement to prove to defendant that he, Clegg, had satisfied the materials indebtedness due plaintiff. We believe that in view of the testimony of Mr. Bienvenu quoted supra that appellant is chargeable with knowledge of the reason why Clegg desired the receipted statement.
Alluding to the telephone call the defendant contends he made; for the sake of argument, if it were conceded that, in fact, no such call had been made by the appellee, the outcome of this case would not be altered. This is true because the requisites as laid down by this court for the application of the principle of equitable estoppel in the Levy case, supra, were satisfied by Mr. Bienvenu's having placed the receipted bill into the hands of Clegg, thus enabling Clegg to receive payment from the appellee when, in all probability, he would not have received such absent the receipted bill. By his actions Mr. Bienvenu placed his principal in the position of having actually enabled Clegg to induce the appellee to make the payment.
It is well settled by the jurisprudence of this state that when one of two innocent persons must suffer by the act of a third person the loss must fall upon the one of them who has furnished the third person with the means of doing the injury. Henderson v. Louisville & N. R. R., 3 Orleans App. 43; Lawrence v. Sunrise Petroleum Co., La.App., 163 So. 742.
57 C.J.S. Mechanics' Liens § 230, p. 804, states:
"A subcontractor, materialman, or laborer is estopped to assert a lien where the owner has settled with the contractor, or made payments to the contractor or other subcontractor, in reliance on the subcontractor's, materialman's, or laborer's receipt for the amount due him. * * * The estoppel created by the foregoing matters is coextensive with the amount of money paid by the owner in reliance thereon, but does not extend to money paid prior to the making of the statement or representation."
We find the trial court erred in applying the plea of estoppel to the entire amount of plaintiff's account. The plaintiff's action could not have prejudiced the defendant in an amount in excess of the balance defendant owed the contractor, Clegg.
On September 19, 1960, appellee owed Clegg $556 whereas Clegg owed appellant *256 $720.49. Defendant owes plaintiff the difference between $720.49 and $556, or the sum of $164.49.
The judgment of the trial court is amended and there is judgment in favor of plaintiff and against defendant in the amount of $164.49, plus legal interest from date of judicial demand until paid and for all costs of this litigation. Furthermore, there is judgment recognizing the plaintiff's materialman's lien on defendant's property, described as follows:
"A certain tract of land containing thirty-five acres, more or less, together with the buildings and improvements thereon, situated in the Second Ward of the City of Baton Rouge, State of Louisiana, and being bounded, now or formerly, north by Denham Tract and Blackwater Road, east by Isaac Gurney and Kowen Tract, and west by Kowen Tract and Blackwater Road."
Judgment amended and rendered.