James N. AVANT et al., Plaintiffs-Appellees,

v.

SUBMERSIBLE RIG PETER DUNCAN #6 (Ruhr Drilling Corporation), Defendant,

and

National Surety Corporation, Intervenor-Appellant.

No. 30454.

United States Court of Appeals, Fifth Circuit.

July 7, 1971.

Rehearing Denied Aug. 12, 1971.

Sheldon D. Beychok, Charles W. Franklin, Sidney D. Fazio, Franklin, Moore, Beychok & Cooper, Baton Rouge, La., for intervenor-appellant.

Roger C. Sellers, Charles M. Thompson, Jr., Thompson & Sellers, Abbeville, La., for plaintiffs-appellees.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

At issue on this appeal is the validity of a bond posted with the district court for the release of a vessel attached for seamen's wages. The bond was issued by an agent whose authority had been revoked several years earlier by the bonding company. The district court found that the equities favored the innocent seamen plaintiffs as against the innocent insurance company. We affirm.

This is a case where proper action by either party could have prevented the loss. Both are innocent of the perpetration of any fraud. The agent who ap-

parently should suffer the loss is not a party to this suit.

Under Louisiana law,[1] when one of two innocent parties must suffer, he who most contributed to the injury must stand the loss. Baton Rouge Lumber Company v. Gurney, 173 So.2d 251 (La. App.1965); Humble Oil & Refining Company v. Waters, 159 So.2d 408 (La. App.1963); Trumbull Chevrolet Sales Company v. Maxwell, 142 So.2d 805 (La.App.1962).

. In the *Baton Rouge Lumber Company* case, the court clearly articulates the Louisiana rule applicable in such a case in the following language:

> "It is well settled by the jurisprudence of this state that when one of two innocent persons must suffer by the act of a third person the loss must fall upon the one of them who has furnished the third person with the means of doing the injury." (p. 255).

The keystone to the fraud was the agent's continued possession of a power of attorney form, signed and sealed by the bonding company, after his authority had been revoked. Without it, the bond could not have been written. With it, the bond was written and accepted by the court. Although representatives of the company picked up some of the forms from the agent when the authority was cancelled in 1963, and retrieved more forms in 1968 upon discovery that he had been using them, the bonding company kept no record of the number of power of attorney forms supplied to the agent and did not keep track of how many unused forms remained in his possession when the agency relationship was terminated.

It is true that a telephone call by the plaintiffs to the Louisiana Insurance Commissioner would have revealed that this agent was not listed as representing this bonding company. But the failure to make such a call does not outweigh the failure to retrieve from the agent the document of authority when the authority was revoked. We find no error in the judgment that the bonding company's actions most contributed to the loss and that it must pay under the bond.

It is argued that the bond was written on a form normally used for a construction lien bond, and as such is defective under 28 U.S.C. § 2464. An insurance agent who had helped obtain the bond from the unauthorized agent testified that various forms were often adapted for a particular use.

"(Q) Was there anything irregular?

"(A) No, sir. One thing was brought up earlier, I heard in the Court Room, about the form. On many occasions where we have different type bonds, like a lien bond, where we don't have proper forms, we will get directions as how to prepare the forms for signature, which I am sure is what he did here. But it wasn't irregular."

It was with a clear purpose that the bond was substituted by the court for the vessel upon the joint motion of the shipowner and the seamen. If the issuing agent had full authority, we do not think that the bonding company would seriously argue that the form of this bond signed on its behalf would not bind it as surety for the purposes for which it was given, i. e., to stand in the place of the vessel for satisfaction of any judgment rendered against the owner. The bond would be construed in the light of its statutory background. American Casualty Co. of Reading, Penn. v. Irvin, 426 F.2d 647 (5th Cir. 1970). The bond did bind the ship's owner and the bonding company to the plaintiff seamen. *Cf.*, The Haytian Republic, 57 F. 508 (D.Ore.1893), aff'd 59 F. 476 (9th Cir. 1893), rev. other

---

1. Both parties argued Louisiana law on this appeal, apparently agreeing that state law applies to the legal effects arising

out of the contractual relationships between the parties hereto.

grounds 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894); Munks v. Jackson, 66 F. 571 (9th Cir. 1895).

The effect of our holding is that the equities of this case require that the bonding company must be treated ·as if the agent had such full authority.

Affirmed.