## WILLIAMS, PHILLIPS & Co. v. W. M. BENTON.

Plaintiffs received the note sued on, which is not negotiable, after maturity, and with notice of equities against it. *Held* : Their rights are not greater than the payee from whom they took it.

APPEAL from the District Court of the Parish of Carroll, *Perkins*, J.
Stacy & Sparrow, for plaintiffs. Selby, for defendant and appellant.

SPOFFORD, J. The plaintiffs are transferees of a note given by the defendant to *John L. Willson*, for the purchase of a tract of land in the parish of Carroll, upon which the vendor retained his privilege and a special mortgage.

The note is not negotiable in its form, and was transferred to the plaintiffs long after maturity. Moreover, the notarial act of transfer, as well as the note itself, gave them notice of its consideration and of the equities now pleaded by the defendants. They, therefore, stand in no better position than *Williams* himself would, were he the party plaintiff.

The note is, on its face, a conditional obligation :

"PROVIDENCE, Nov. 11, 1846.

" Twelve months after date, I promise to pay to *John L. Willson*, the sum of $1,450, for value received, with eight per. cent. per annum interest from maturity until paid, subject to the stipulations in the deed of even date with this note, for the purchase of lot of land No. 16, township No. 20, of range No. 13 east.

" (Signed,)                          W. M. BENTON."

Referring to the deed identified with the note, we find the following clauses :
"The said *Willson* hereby warrants and defends unto the said *Benton*, a good and valid title to the said land against the claims of all persons whatsoever; and stipulates to have removed all and every incumbrance that may now exist thereon, and to deliver to the said *Benton* a patent which the said *Willson* says has issued from the United States to *D. O. Barton*, *B. Hempkin*, or himself, or to have the same patent recorded in the office of the recorder of mortgages for this parish, within twelve months from this date; and that the mortgage retained on said lot for the payment of the note given by the said *Willson* with *Thomas R. Patten*, security, for the purchase of said lot of land at the probate sale of the succession of *D. O. Barton*, shall be erased and discharged by said *Willson*, within twelve months from this time ; that if the said patent shall not be produced and the said mortgage erased and discharged at the end of twelve months, and all other incumbrances removed from the said lot of land, then the note executed is not to bear interest from the maturity thereof, but only from the time said stipulations are complied with."

WILLIAMS
*v.*
BENTON.

Giving a fair and reasonable interpretation to this portion of the deed, we must infer that the defendant contracted his obligation to pay upon a suspensive condition. The note was not intended to be exigible until the vendor complied with his stipulations to remove the incumbrances from the land sold, and to procure the patent specified in the act of sale.

The evidence leads us to the conclusion, that neither has been done, and the suit was therefore prematurely brought. None of the mortgages alluded to appear to have been erased. No patent appears to have been issued either to *Barton, Hempkin* or *Willson.* In 1851, the land was patented to *Zephariah Liles* and *Jane Carrick,* persons who are not shown to have any priority with the vendor, and whose title must therefore be presumed to be adverse to his.

The plaintiffs have made no attempt to explain these facts, or to excuse *Willson* or themselves for not complying with the stipulations of his deed. They rely upon a nice verbal construction of this instrument, and seek to restrict the effect of the vendor's stipulations to the question of interest alone.

As we think they had a deeper meaning than that, the judgment must be reversed, and the plaintiff's petition dismissed as in case of non-suit, with costs in both courts.