John C. Beatty, for the use, &c., *v.* Miles A. McCleod, Tutor.

The maxim that money has no identity, when applied to agents, is true in this sense : if it is deposited in bank in the name of the agent, with his own funds, or kept with his own money, it cannot be identified, and must necessarily be held to belong to the agent, in any contest between the principal and third persons claiming the same.

So also if the agent pays out the money to one who receives it in good faith, it cannot be recovered back—it has no identity.

But this doctrine has never been held to extend to cases where the money has become capable of a complete identification from the manner in which it has been kept—as in packages, labeled in the name of the principal, or deposited by the agent in bank in the name of the principal.

When the agent makes the deposit in the name of the principal, it is to be presumed that the money he so deposited is the identical money which he received from or on account of his principal.

A tutor, who was insolvent, believed himself about to die, deposited a sum of money with M., stating it to be the property of his ward. It was shown that the tutor was in possession of no means but those belonging to his ward, and that he had recently obtained certain notes of his ward to be discounted, amounting to a larger sum than that deposited with M. *By the court:* As by law the tutor ought not to use the funds of his ward, and as he has the right to deposit such funds in bank in his name as tutor, or to keep them distinct from his own by proper labels, there is no good reason why, on an occasion like the present, he might not deposit the money with some trusty person for safe keeping.

APPEAL from the District Court, Fifth District, Parish of Lafourche, *Cole,* J. J. C. & A. Beatty, for plaintiff and appellant.    *Belcher,* for defendant.

Merrick, C. J.    W. R. *Jordan,* of the parish of Lafourche, was taken sick and died at Tuscumbia, in the State of Alabama.

He had been insolvent for many years.    His wife died some time previously, leaving an estate, the most of which was sold, and brought $21,545 55.    Although the sale was on terms of credit in part, *Jordan* discounted the principal notes and reduced them to cash.    He had at the decease of his wife been confirmed as natural tutor to his minor daughter, issue of their marriage.

While he was sick at Tuscumbia, a few days before his death, under apprehension that his sickness would terminate fatally, he sent for a gentleman of that place, *Judge Nooé,* and deposited with him the sum of $6565, informing him that the money was not his, but belonged to a daughter for whom he was tutor, and exacted a promise from *Judge Nooé* that he would write, to the defendant, informing him that he had this money, and request that he should become tutor to his daughter, and deliver the money to the defendant, when he should come after it.

The letter to the defendant was written in the presence of the sick man, read to him, and deposited by one of the servants he had with him in the post-office.

The money was sealed up in packages, and kept until the arrival of the defendant—who, in accordance with a request contained in the letter, had caused himself to be appointed tutor—and delivered to him.    The defendant returned with the money to Louisiana, and has the same under administration as tutor to the minor.

The testimony shows that the intestate was in possession of no other means except those entrusted to his management as tutor, and that he ought to have had in his hands, after the discount of the notes not matured, a larger sum in cash than that left with *Judge Nooé.*

The present action is brought by certain of the creditors of *Jordan*, who contend that as money cannot be identified, the fund received by the defendant must be considered as belonging to *Jordan*, and distributed among his creditors.

It is also intimated that if the money is shown to have arisen from the discount of notes received at the probate sale before their maturity, it was a conversion of the notes to his use, and therefore made the money his own.

The maxim that money has no identity, when applied to agents, is true in this sense: if it is deposited in bank in the name of the agent, with his own funds, or kept with his own money, it cannot be identified, and must necessarily be held to belong to the agent in any contest between the principal and third parties claiming the same.

So also if the agent pays out the money to one who receives it in good faith; it cannot be recovered back; it has no identity. But this doctrine has never been held to extend to cases where the money has become capable of a complete identification from the manner in which it has been kept, as in packages labeled, in the name of the principal, or deposited by the agent in bank, in the name of his principal. *McDonogh* v. *Delarsen*, 10 Rob., 481.

As money, however, can have no identity in the sense above indicated, when the agent does make the deposit in the name of the principal, it is to be presumed that the money he so deposits is the identical money which he received from or on account of his principal.

As by law the tutor ought not to use the funds of his ward, and as he has the right to deposit such funds in bank in his name as tutor, or to keep them distinct from his own by proper labels, we can see no good reason why, on an occasion like the present, he might not deposit the money with some trusty person for safe keeping.

We do not see any force in the argument that the tutor has converted the notes into cash, and therefore made the proceeds his money. If the tutor has wronged the minor by discounting the paper belonging to her, it is no reason why she should be further wronged by giving the proceeds to the creditors of her father.

Believing the case to be clearly with the defendant on the merits, we have not deemed it important to consider the objections to the form of the action.

Some comments have been made in argument in respect to the large amount of property which the deceased, *Mrs. Jordan*, managed to acquire under her judgment against her husband for the separation of property. As the judgment of separation has been admitted to have been obtained in good faith for a sum really due, and as this action has not been brought to set aside the purchases made by the mother of the minor, under her judgment and with her paraphernal funds, it is evident that this argument is foreign to the issue before us.

Judgment affirmed.