## R. H. DRAWN *v.* W. P. CHERRY.

When the obligation is conditional, the party to whom it is transferred by endorsement before maturity, is bound to prove the performance of the condition before he can recover on it.

APPEAL from the District Court of the Parish of Catahoula, *Richardson,* J. *R. K. Hendry,* for plaintiff.   *Smith & Spencer,* for defendant and appellant.

COLE, J.   This suit is instituted by plaintiff as third holder of the following note :

"$500.                        BAYOU SARA, May 31st, 1856.

"Twelve months after date, I promise to pay *James H. Muse,* or order, five hundred dollars ; this note is given in consideration, that said *Muse* will assist in the prosecution of the *State of Louisiana* v. *James R. and Leon D. Marks,* and attend to the same, until brought to a final conclusion.   Said note bears interest at the rate of eight per cent. per annum after due until paid.

(Signed)                     "WM. P. CHERRY.

(Endorsed)   "JAMES H. MUSE, D. P. HARDEE."

There was judgment for plaintiff, and defendant has appealed.

The obligation sued upon was a conditional one ; the consideration is, that "*Muse* will assist" in a certain prosecution.

Plaintiff has produced no proof of the execution of the consideration.

A part of the answer of *Kernan* to the second interrogatory, tending to prove the performance of the consideration, was properly ordered by the District Judge to be erased, because there was nothing in it responsive to the interrogatory, and the defendant had, therefore, no means of cross-examining the witness, upon this part of his answer.

As the obligation was conditional, the endorsee, before maturity, is bound to prove the execution of the condition, the same as if he had received it after maturity.

It is, therefore, orderded, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; and that there be judgment against plaintiff, and in favor of defendant, as in case of nonsuit ; and that plaintiff pay the costs of both courts.