## No. 2721.—Daniel Cleveland v. G. S. Comstock.

The action accorded to a surety to have a personal recourse against his principal for whom he has paid, is only prescribed by ten years.

A ruling of the court, refusing an intervention, if correct at the time it is made, does not afterwards become incorrect by the party changing his character from that of an individual to that of a representative. Nor can a party, by way of intervention, compel other parties to litigate for his benefit or gratification.

Evidence to establish that a document was executed under the erroneous belief that the claim was prescribed, is not admissible under the allegation that the paper is a nullity because of the mental incapacity of the maker.

APPEAL from the District Court, parish of East Feliciana. *Posey, J. Race, Foster & E. T. Merrick,* for plaintiff and appellant. *Kernon & Lyons,* for defendant and appellee.

Howe, J. In the year 1844, the Carrollton Bank, being the holder of a promissory note drawn by the defendant and indorsed by the plaintiff, obtained a judgment, *in solido,* against the parties for the sum of $3000, and interest. The money was made out of the proceeds of sale of Cleveland's property, July 2, 1859. On the twenty-ninth of April, 1869, Cleveland filed this suit, praying judgment against Comstock for the amount thus paid for him, with interest.

The answer averred a settlement in full, and referred to the following document, which was filed same day—October 6, 1869 :

"Daniel Cleveland v. George C. Comstock—No. 1873. Fifth District Court, parish of East Feliciana, Louisiana.

"In this matter now comes Daniel Cleveland, in his proper person, and says that defendant, George C. Comstock, has settled with him in full. Wherefore he prays that this suit may be dismissed, at his costs.

His
"DANIEL ☒ CLEVELAND.
Mark.

"Signed in our presence, this thirteenth day of May, A. D. 1869.

"Witnesses :

"T. J. Fuqua.

"B. M. G. Brown."

Five days after this consent was filed, Caleb D. Gayle filed for a hearing a petition of intervention, claiming a three-fourths interest in the action of plaintiff, and asking to be made a party, and for a judgment against the defendant accordingly.

The defendant then and there objected that this petition came too late, and the judge sustained the objection, to which ruling there was a bill of exceptions taken.

Soon after answer, the plaintiff died, and Caleb D. Gayle, having been appointed his administrator, also came in by petition and averred that if the document quoted above, acknowledging a settlement, and praying a dismissal of the case, was really signed by the plaintiff, Cleveland, it was done without any consideration, and was null and void, because he was at the time old, feeble and blind, and his intellect too feeble to attend to any business.

The judge *a quo* thought this allegation was not established, and dismissed the suit.

C. D. Gayle has appealed in his double character, of administrator of the plaintiff and the intervenor.

The defendant has made in this court the plea of prescription of ten years.

*First*—The plea of prescription can not be maintained. It is urged on the ground that the judgment of the bank was prescribed in 1863, about six years before this suit was instituted, and that the plaintiff, who paid it in 1859, lost his rights by this prescription. But we think the right of action springs, not from the judgment and a subrogation to the rights of the judgment creditor, but from the right accorded to the surety to have a personal recourse against the principal for whom he has paid, and that it is prescribed by the lapse only of ten years from the time such payment is made. Just. 3, 21, 6; C. N. 2028; C. C. 3021; Troplong Du Cautionnement, No. 328; 12 An. 880; 14 An. 664.

*Second*—The judge did not err in refusing to admit the intervenor, under the circumstances of the case as they stood at the time the application was made; and the changes produced by the appearance of the appellant, some time after, in his new character of administrator of plaintiff, can not cause a ruling, correct at the time it was made, to become incorrect. At the time the appellant, as representative of W. D. Gayle, offered to come into the contest, it had been practically ended, by the filing, five days before, of the plaintiff's prayer to dismiss. The original parties had no further desire to contend, and W. D. Gayle's representative could not compel them to litigate for his benefit or gratification. If the claim he sets up against Comstock be valid, he might have sued upon it at any time for about seven years before his offer to intervene, and he can hardly complain

if, after such delay, he is. not permitted to compel other parties to carry on a lawsuit for him.

*Third*—The court did not err in refusing, as shown by a bill of exce; tions, to admit testimony of the mental condition of Cleveland in the fall of 1869. The prayer to dismiss was signed in May, 18⸗9, and the evidence offered would only have encumbered the record.

*Fourth*—The appellant contended that the document quoted above is void, because it was executed u·;der the erioneous belief that the claim was prescribed, whereas (as we have had occasion to decide) it was not prescribed. We do not think he can be heard to urge this view. He came in as administrator of plaintiff, and by an amended petition, set forth his grounds of nullity of this paper, namely, mental incapacity on the part of Cleveland to execute it. No allegation of error as regards prescription was made, (indeed, such an allegation might be inconsistent with the plea of entire imbecility,. The argument seems to be an after thought.

*Fifth*—In the view we have taken of the case, it is unnecessary to pass upon the exception to the ruling of the judge upon the motion to compel plaintiff in the original petition to elect.

We conclude from the evidence, as a whole, that Cleveland, though aged and feeble, in May, 1869, was by no means imbecile; that the document in which he acknowledges settlement and prays for a dismissal of his suit, was executed in view of an agreement on the part of Comstock to pay him for his support one hundred dollars per month till his death; and that, if the allegation of appellant that, at the time Cleveland made this bargain he owned but one-fourth of the claim, be correct, the bargain was highly advantageous.

Judgment affirmed.