### No. 9458.
### Orleans Appeal.

---

## WM. SHIELDS ET AL. v. MRS. VIRGINIA ANDERSON MICHEL ET AL., Appellants.

---

(February 16, 1925, Opinion and Decree.)
(March 2, 1925, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Prescription—Par. 188.**
In a suit for a partition and for an accounting, the demand for an accounting will not be prescribed by five years, when, within the five years, the demand for partition has been prosecuted to judgment.

(Act No. 107 of 1898, Editor's note).

2. **Louisiana Digest, Taxation—Par. 404.**
The acceptance of the community by the surviving spouse is not equivalent to the acceptance of the Succession of the deceased and does not bind the survivor to the payment of the debts of the deceased spouse.

3. **Louisiana Digest, Successions—Par. 53.**
Heirs may recover money the property of a deceased in the hands of a third person whenever they can identify it.

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

Plaintiffs sued the defendants for a partition and for an accounting. Judgment for plaintiffs against defendant, John Michel. The defendant, John Michel, appealed.

Judgment amended and affirmed.

John J. Wingrave, attorney for plaintiff and appellant.

A. G. Williams, I. F. Williams, attorneys for defendant and appellee.

CLAIBORNE, J. Plaintiffs sued the defendants for a partition and for an accounting.

Widow Kennedy acquired as surviving widow in community the ownership of one-half and the usufruct of the other half of the property No. 1226 Frenchmen Street.

By an Act under private signature dated February 21, 1908, Widow Kennedy sold to M. Virginia Anderson, her granddaughter and defendant herein, all her rights in said property.

The property became therefore the separate paraphernal property of the latter.

On February 29, 1908, Virginia Anderson married John Michel.

On May 25, 1909, her grandmother, Widow Kennedy, died, but Virginia Anderson Michel continued to occupy the property No. 1226 Frenchmen Street. She insured the property in her own name for the term of three years commencing April 14, 1914, for $1,000.

On June 12, 1914, the property was destroyed by fire, and Virginia Anderson Michel collected $800 on the policy.

On May 4, 1917, the plaintiffs instituted the present suit. They alleged that they were the descendants and heirs of William Kennedy and owners in common of the property No. 1226 Frenchmen Street; that Virginia Anderson Michel was heir for 1-60th of said property and owner for 30-60ths; that said property was insured; that it was destroyed by fire and that Virginia Anderson Michel collected the insurance. They prayed for a partition of the property and for their share in the insurance money.

Virginia Anderson Michel answered claiming to be the sole owner of the property 1226 Frenchmen Street; that she had insured the property; that it was destroyed by fire, "and that the loss was adjusted at the sum of Eight Hundred Dollars which this respondent collected as owner."

On January 25, 1919, Virginia Anderson Michel died intestate.

She left neither ascendants nor descendants. Her husband opened her succession. He alleged that all the property she left was community and he prayed to be recognized as her surviving spouse in community and as such entitled to all the property left by her. A judgment was rendered accordingly on February 5, 1919, putting him in possession of the property No. 1226 Frenchmen Street and of a certain sum of $790 on deposit in the City Bank and Trust Co. in the name of Mary Virginia Anderson Michel.

On June 22, 1920, the plaintiffs proceeded to obtain a judgment of partition of the property 1226 Frenchmen Street, "and that all other matters be deferred for later decision and settlement".

On July 3, 1923, John Michel, surviving husband of Mary Virginia Anderson was made a party defendant.

He pleaded the prescription of five years under Act 107 of 1898.

The trial judge was of the opinion, and we agree with him, that the prosecution of that part of the demand concerning the partition on June 22, 1920, with the reservation of "other matters" for later decision and settlement constituted such steps in the contemplation of the act as negatived the presumption of abandonment of the demand.

For answer, John Michel alleged "that the property sought to be partitioned and accounted for was the separate and paraphernal property of" his wife, and that all the other property left by her was part of the community existing between them.

The trial judge gave the following reasons for judgment:

"The evidence shows the deposit in bank of that sum ($790) by the wife as the settlement by the insurance company of its liability under the policy. The evidence, which is not contradicted, satisfies me that it is the identical money resulting from the paraphernal property, and that plaintiffs are entitled to judgment therefor."

Accordingly there was judgment in favor of the plaintiffs and against the defendant, John Michel, for $790 with legal interest from November 1, 1914, till paid.

From this judgment John Michel has appealed.

John Michel cannot be made liable as an heir of his wife. A surviving partner in community does not acquire an interest in community property as an heir, under Civil Code 915, 916, 2400, Succession Marsal, 118 La. 212; 42 South. 778.

Nor under C. C. 988, 1013.

He accepted only the community of acquets and gains. He alleged and believed that all the property left by his wife was community and took possession of the same under that belief.

The only question therefore for solution as stated by plaintiffs' counsel in his brief, is whether John Michel should account for the insurance money collected by her and found in her Succession.

There is no doubt that the insurance was upon the separate property of Virginia Anderson Michel, and that the amount collected on the policy was separate property to which Michel had no right. But the question arises, was that money found in Virginia Anderson Michel's succession?

The fire occurred in 1914. In January, 1919, Virginia died. There was deposited to her credit at that time in the City Bank $700. There is nothing to show at what time Virginia deposited that amount, nor whether it was deposited at one time, nor upon several occasions. The bank pass book was in Virginia's possession during her lifetime, and after her death in the possesison of John Michel. In his answer, sworn to by him, he avers:

"Defendant further avers that during the life of Jane Trelford Kennedy, between 1900 and 1909, Virginia Anderson, grandchild of Jane Trelford Kennedy, and wife of defendant, worked out, took in sewing during the evening and night in order to earn sufficient funds to provide and support the aged Jane Trelford Kennedy and etc."

There is no evidence that her financial condition improved after Widow Kennedy's death, nor that Michel assisted her in making deposits in bank. If he did, that knowledge rested peculiarly within him and he has not shown it. Bastrop State Bank vs. Levy, 106 La. 591; 31 South. 164. In the absence of any other source, the conclusion is irresistible that this sum of $700 was the proceeds of the policy of insurance. But it is only $700 and not $790 as decided by the trial judge. Heirs may recover money the property of the deceased in the hands of a third person whenever they can identify it. 104 U. S. 68; Succession of Boisblanc, 32 La. Ann. 109; Young vs. Teutonia Bank and Trust Co., 134 La. 879; 64 South. 806; Stetson, Avery & Co., vs. Gurney, 17 La. 162; Beatty vs. McCleod, 11 La. Ann. 76; Bruning vs. New Orleans Canal and Banking Co., 12 La. Ann. 541; Fitzpatrick vs. Letten, 123 La. 749; 49 South. 494; 2 C. J. 881, S. 566; Young vs. Teutonia Bank and Trust Co., 135 La. 65; 64 South. 983. Michel owes interest only from the date he was put in possession of the money, February 5, 1919.

It is therefore ordered that the judgment appealed from be reduced from Seven Hundred and Ninety Dollars to Seven Hundred Dollars with five per cent. per annum in-

terest from February 5, 1919, till paid; the costs of appeal to be paid by the plaintiffs and the costs of the District Court to be paid by the defendant, John Michel, and as thus amended that the judgment be af-firmed.