**(125 So. 860)**

**No. 29536.**

**McCOOK v. COMEGYS.**

Dec. 2, 1929. Rehearing Denied Jan. 6, 1930.

See, also, ante, p. 312, 125 So. 134.

Dickson & Denny, of Shreveport, for appellant.

Cook & Cook, of Shreveport, for appellee.

BRUNOT, J. This is a suit for $4,750, the price charged for a casket and steel vault in which the body of defendant's deceased wife was interred. The suit is in the alternative. The petition recites the circumstances under which the casket was purchased, delivered, and used, and alleges:

"In as much as the defendant, knowing all of the facts and circumstances, made use of the said casket and vault, the law implies

that he obligated himself to pay to petitioner the reasonable value of the said casket as hereinabove set forth.

."Petitioner now shows in the alternative that should the court hold for any reason that under the above circumstances there was no implied contract on the part of the defendant to pay for the said casket, then, and in that event, it is shown that the plaintiff has been unjustly deprived of his property, and that the defendant has been benefited to the extent of the value of the said casket and the law, therefore, imposes upon him a quasi contractual obligation to pay the reasonable value of the said casket and vault, as hereinabove set forth."

The prayer is for the sum claimed in the petition. The suit was met by the filing of three pleas, viz., estoppel, lis pendens, and res adjudicata. These pleas were heard or submitted on briefs. The plea of estoppel was overruled, but the plea of lis pendens was sustained. A new trial was granted as to the latter plea, and, on rehearing, the plea of lis pendens was also overruled. A motion was then filed to strike out the allegations of paragraphs 4, 5, 6, 7, 8, and 9 of the petition as being mere conclusions of law and tending to confuse the issue, and to strike out paragraphs 10 and 11 of the petition for vagueness. The motion to strike out was overruled, except that plaintiff was ordered to amend paragraph 11 of the petition so as to show the cost price of the casket and the other facts relied upon to establish the price charged for it, viz., $4,750. This order of the court was complied with. Thereafter an exception of no right and no cause of action was filed, submitted, and overruled, and issue was joined on the merits by the filing of an answer to the suit.

The trial resulted in the court rendering a judgment in favor of the plaintiff and against the defendant for $2,500, with legal interest thereon from July 14, 1928, until paid, and for all costs. Defendant obtained the necessary order and perfected a suspensive appeal from the judgment. Plaintiff has answered the appeal, and prays that the judgment be amended by increasing the sum allowed therein to $4,750, the amount sued for, and, as thus amended, that it be affirmed.

While defendant's plea of res adjudicata was not directly passed upon in the court below, the judgment appealed from, in effect, overrules it.

█ Appellant contends that the court erred in not sustaining his pleas of lis pendens, estoppel, and res adjudicata. The record in the original suit between the parties, numbered 28711 of the docket of this court, 125 So. 134, which is this day decided, was introduced in evidence in this suit and is in the record now before us. It is true that the two suits are between the same parties, and the present suit is for certain items of the account claimed in the first suit, but in that suit the plaintiff was nonsuited as to the specific items of the account now sued for, and his right to bring this suit, in the alternative, upon said cause of action, was reserved to him in the judgment of nonsuit. The plaintiff appealed from the judgment in the first suit, but by the timely abandonment of the appeal, this was the only case left pending upon the cause of action now sued upon, and, for that reason, the lower court, on rehearing, properly overruled the plea of lis pendens.

█ Estoppel cannot be successfully pleaded to the exercise of a judicially reserved right to reinstitute a suit for a cause of action upon which the plaintiff was nonsuited.

"Of course no estoppel by record can be invoked where the allegations or recitals did not conclude the pleader in the prior proceed-

ing, where the action was discontinued or dismissed, without a decision on the merits." C. J. vol. 21, p. 1064.

■ A judgment of nonsuit is never res adjudicata. This is rudimentary and needs no citation of authority, but reference is made to the authorities cited in the case of J. L. McCook v. Wm. McL. Comegys, ante, p. 312, 125 So. 134, this day decided.

■■ The district judge did not assign reasons for the judgment rendered, and we are therefore at a loss to determine upon what theory he reached the conclusion that plaintiff was entitled to a judgment for $2,500. The proof shows that the defendant was out of the state when his wife died. A friend and former partner in business of the defendant and the relatives of defendant's deceased wife ordered the casket and made all of the arrangements for the funeral. They had the body of the deceased embalmed, and postponed its interment until the return of the defendant to his home, at which time the funeral was conducted to its completion. Three months thereafter the bill of the plaintiff was presented to the defendant for payment. Payment was refused, and suit, for the amount claimed, followed. The proof shows that defendant was not, prior to the demand for payment, informed as to the price of the casket, and that he is a man of limited means, but, as he was present at the funeral and permitted the casket to be used without inquiry or protest, which, under the harrowing circumstances existing, might reasonably have been expected, he is, in our opinion, liable to the plaintiff for the replacement cost of the casket, together with such sum in excess thereof as will compensate the plaintiff for such possible loss as he might have sustained. It is shown that the vault cost

$74.85, and the casket cost $717.98, or a total of $792.83. It is shown that the particular casket used is no longer manufactured for the trade, and, for that reason, it has some value in excess of its cost price. It is alleged that the casket and vault were unusual, and this together with the overhead expense of the plaintiff, fixes the price charged for the casket as reasonable. It is shown that a casket somewhat similar to the one in which the deceased wife of the defendant was interred can be purchased for $800.

On the trial of the case Mr. Wellman testified that he had been an undertaker for 33 years; that he handled 80 per cent. of the funerals in Shreveport, and that he would not want over $200 profit on a casket that cost him $600 or $700. The testimony of this witness impresses us with its truthfulness, and it is consonant with reason and justice.

Inasmuch as the casket in which defendant's wife was interred cannot be replaced, the plaintiff is entitled to be reimbursed its cost price, and in addition thereto such sum as will insure him against actual loss, but the judgment awarding him $2,500 is excessive.

The judgment is therefore amended by reducing the amount to $1,000, and, as thus amended, it is decreed that it be affirmed. The costs of the appeal to be paid by appellee.

O'NIELL, C. J., is of the opinion that the judgment should be affirmed, on the proof, which is sustained by the evidence in this case, that the overhead expense of the business of an undertaker or funeral director is so great in comparison with the cost of the caskets he sells that he has to charge about three and a half times the cost of the caskets in order to make a fair and legitimate profit.