### LOUISIANA STORE & MARKET EQUIPMENT CO. v. MOORE et al.

#### No. 5231.

Court of Appeal of Louisiana.
Second Circuit.
April 30, 1936.

Robert H. Hope, of Monroe, for appellant.

Joseph S. Guerriero, of Monroe, for appellees.

HAMITER, Judge.

According to the allegations of the petition, plaintiff sold and delivered to Josephine Wesley and Robert Lee a Fay Rogers refrigerator counter, Frigidaire compressor, and Frigidaire coils. As part of the purchase price, they executed a note dated April 18, 1935, in favor of plaintiff for $252, payable in monthly installments of $18 each beginning May 18, 1935. This note provided for interest and attorney's fees, and contained the usual acceleration clause that, "failure to pay any installment of this note as it falls due, together with the interest therein, shall mature this note in its entirety." It was secured by a chattel mortgage on the above-described property.

Shortly after receiving the note, the payee negotiated it to the Commercial Securities Company, Inc., of Monroe, La. Thereafter, and definitely on July 23, 1935, D. Moore or T. C. Moore, they being one and the same person, executed and delivered to the last-named company a written instrument providing as follows:

"Transfer Agreement

"Number ——— Date..July 23, 1935.

"Commercial Securities Co., Monroe, La.

"Dear Sirs: This is to certify that I, T. C. Moore, do hereby assume responsibility for a certain Frigidaire, Counter, Coils which you hold a chattel mortgage title against Robert Lee in the amount of $198.-00. I have paid cash $———, and I agree to pay the $187.00 due you in monthly installments of $18.00 each on the 18th day of each month beginning August 18, 1935 until paid in full. I understand the terms and conditions of the original contract between Robert Lee and you and agree to abide by same.

"[Signed] D. Moore
　　　　　T. C. Moore
"Address: 315 Catalpa St., Monroe, La.

"Witness:
"Otto E. Passman
"John Bateman"

The installment due on August 18, 1935, not having been paid, plaintiff reacquired the note from the Commercial Securities Company, Inc., and also, at that time, obtained an assignment of the written instrument executed by Moore. It then brought this suit for the purpose of securing a solidary judgment against Josephine Wesley, Robert Lee, and D. or T. C. Moore in the sum of $198 with interest and attorney's fees.

Plaintiff contends and alleges that Moore, by executing and delivering the instrument to plaintiff's transferee, assumed responsibility and obligated himself for the payment of the amount due on the note.

No appearance was made by Josephine Wesley or Robert Lee.

After obtaining oyer of the note sued on, defendant Moore excepted to the petition as stating no cause of action.

From a judgment sustaining the exception, plaintiff has appealed.

The problem with which we are confronted is to ascertain and determine the legal import and significance of the above instrument executed by Moore.

It is clear that the writing referred and pertained to, and defendant Moore had in mind when signing it, the primary obligation on which this suit is based. The purchased articles are described in the instrument in a general way, one of the makers of the note is properly named, the amounts of the monthly installments are correctly given, and the dates of payment are accurately set forth. Furthermore, it is addressed to the then holder of the note and chattel mortgage.

Counsel for appellee contends and argues that: (1) The instrument is not a novation within the meaning and intendment of the articles of the Civil Code. (2) It is not an agreement to pay the debt of a third person, as no consideration or reason for its execution appears therein. (3) It was given in favor of the Commercial Securities Company, Inc., and the appellant herein has and can have no rights or interest in it.

■ We agree with counsel that the writing cannot be termed a novation. There is no stipulation therein which indicates the extinguishment of the obligation to which it refers or the discharge of the original debtors. Civ.Code, art. 2185 et seq.

■ As to the second contention, the rule prevailing in most states is that, "a promise to pay the debt of another is nudum pactum and void for want of consideration." 13 Corpus Juris (Contracts) § 156. However, in Louisiana a contrary rule appears to apply. In the case of Commercial National Bank v. Richardson, 163 La. 933, 934, 113 So. 152, 153, one H. H. Todd, on September 14, 1920, executed and gave his note with certain attached collateral to the plaintiff therein, in renewal of a note for the same amount. On September 16, 1920, or two days later, defendant Richardson addressed a letter to plaintiff, in which he referred to and described the Todd note and attached collateral, and stated:

"I hereby agree to pay to the Commercial National Bank of Shreveport the amount of this note upon delivery to me of the collateral attached and described above, agreeing to pay this at maturity or any time thereafter."

The maker having failed to pay the note, suit was brought to enforce liability under defendant's letter. One of the defenses was that no consideration existed for defendant's signature. The instrument was declared to be a contract of guaranty and liability was imposed. It is true that the judgment was rendered after a trial on the merits, and the evidence showed cause or motive for the guaranty; but the Supreme Court, in the course of its opinion, broadly and specifically stated:

"Moreover, under our law, 'a debt due by another is a sufficient consideration to support the promise of a third party to pay it.' Flood v. Thomas, 5 Mart.(N.S.) 560; New Orleans Gas Light & Banking Co. v. Paulding, 12 Rob. 378; New Orleans & Carrollton Railroad Co. v. W. W. Chapman, 8 La.Ann. 97; R.C.C. arts. 3035, 3039."

In the case of New Orleans & Carrollton Railroad Co. v. Chapman, supra, the court said:

"We are satisfied, from the testimony, that James Chapman, the father, was indebted to the plaintiffs to the amount for which his son, the defendant, gave the promissory notes now sued on. To make a contract of this nature, a promise to pay the debt of another, valid, it is only requisite to show the pre-existence of the debt which one has promised to pay to him who is the creditor. This is the pact constitutæ pecuniæ and requires no further consideration or foundation than the original debt. Pothier, Traité des Obligations, 1st vol., p. 367, Du Pact Constitutæ Pecuniæ."

By reason of the doctrine announced in the Richardson and Chapman Cases, we are compelled to hold that the instrument of writing on its face appears to be a valid agreement or promise to pay the debt of a third person. The debt of Robert Lee, referred to therein and shown to have existed at the time of the instrument's execution, was a sufficient consideration to support the promise of defendant Moore.

■ The contention that appellant had or has no right or interest in the instrument, because of its being directed in favor of another, is untenable. The petition clearly alleges the repurchase of the note from the Commercial Securities Company, Inc., and the assignment of Moore's agreement by that company to plaintiff. We know of no legal prohibition against the sale and transfer of such an agreement. According to article 2448 of the Civil Code, any effects of commerce may be sold, when there exists no particular law to prohibit the traffic thereof. Furthermore, it may be termed an accessory to the chattel mortgage note involved in this suit, and article 2645 of the Civil Code provides:

"The sale or transfer of a credit includes every thing which is an accessory to the same; as suretyship, privileges and mortgages."

Our opinion is that the exception of no cause of action should not have been sustained.

Accordingly, the judgment of the trial court is reversed and set aside, the exception of no cause of action is overruled, and the case is remanded for further proceedings. The costs of the appeal shall be paid by appellee, while other costs shall be determined on final judgment in the case.