Succession of VORDENBAUMEN. *

No. 5252.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

Rehearing Denied July 15, 1936.

L. Percy Garrot, of Shreveport, for appellant.

Chandler & Chandler and George W. Hardy, Jr., all of Shreveport, for appellees.

TALIAFERRO, Judge.

This appeal is prosecuted by the administrator of the succession of Mrs. Georgia C. Vordenbaumen from a judgment making absolute a rule sued out by Robert H. Gray and Robert G. Chandler to show cause why a claim of $175 and interest asserted by them against said succession should not be recognized as a succession liability and paid.

Appellees were accommodation indorsers on a note for the deceased, held by a bank in the city of Shreveport, on which there was a balance due of $175. She defaulted on the note, which had been renewed and extended several times, and the indorsers, at the bank's demand, paid same on or about July 9, 1930. Mrs. Vordenbaumen died intestate on April 2, 1934. The rule was sued out on October 7, 1935. It is alleged therein that Mrs. Vordenbaumen recognized the existence of said obligation to plaintiffs in rule, verbally and in writing, and promised to pay same; and that said administrator also promised to pay it.

The administrator, for lack of information, denies practically all the allegations of the petition for rule, and specifically denies that he ever promised to pay the obligation sought to be enforced against him. Pleas of prescription of three and five years, and exceptions of no cause and no right of action were filed and overruled. They are not now urged. We do not think them well-founded. Here, the administrator confines his opposition to plaintiff's demand to the competency and sufficiency of the evidence tendered to prove liability on the part of the deceased for the debt sued on. He invokes and urges section 1 of Act No. 11 of 1926 as an absolute bar to the demand. It reads as follows: "Be it enacted by the Legislature of Louisiana, That Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased."

The note which appellee paid was not introduced in evidence. Its whereabouts is not accounted for. All testimony tendered to establish the existence and payment of the note by the indorsers thereof was objected to by the administrator on the ground that it was inadmissible under the provisions of the 1926 act. The evidence was admitted subject to the objection and evidently given weight and effect by the lower court or else a different judgment would have been rendered. We do not think this evidence admissible. It is oral in character and designed to prove a succession liability. It is positively barred by said act. Appellees, in brief, say that their suit is not on the note, but on a quasi contract, subject to the prescription of ten years, established by article 3544 of

the Civil Code. In this they are at least partly correct. Linton v. Wikoff, 12 La. Ann. 878; Cleveland v. Comstock, 22 La. Ann. 597; Reddick v. White, 46 La.Ann. 1198, 15 So. 487.

But without the note they have no evidence of the character required by this act to prove a succession liability. Without introducing the note in evidence, they are without competent proof to establish that the note ever existed, or that it was paid in the manner alleged. If a succession liability is allowed to be established by oral proof of loss of a written obligation of the deceased, then the object which the act was designed to accomplish is largely destroyed. By circumvention and indirection an end is accomplished which may not be accomplished directly.

The question here presented was definitely passed on by the Orleans Court of Appeal in Lerner v. Bischoff et al., 157 So. 822, wherein it was held: "In action against heirs more than year after death of decedent for amount claimed to be due under lost note executed by decedent, parol evidence held inadmissible to prove existence of note, under statute declaring parol evidence incompetent to prove debt of deceased in suit not brought within year (Act No. 11 of 1926, p. 11, § 2)."

We concur fully in this ruling. It disposes of the case before us.

■ Appellees introduced in evidence, and rely upon, two notes (for $90 and $65 respectively), signed by Mrs. Vordenbaumen and by them indorsed, payable to the American National Bank and marked paid on August 8, 1930. They argue that these notes represented installments of the note they paid. The connection between them and the $175 note is not made clear. They have no probative effect, in view of the allegations of the pleadings and facts of the case. They also rely upon a letter of October 17, 1927, by Mrs. Vordenbaumen to Mr. Chandler wherein she says, "Please attend to this note for me today." Other matters are mentioned in the letter. Its contents are not identified with any particular note and if they were, we are unable to perceive that the situation would be altered. The letter was written, evidently, while the bank owned the note, some three years prior to its payment by the indorsers. Letters in the record from Mr. Vordenbaumen to Mr. Chandler do not affect the situation so far as the succession is concerned.

For the reasons herein assigned, the judgment appealed from is annulled, reversed, and set aside, and there is now judgment in favor of Edward H. Vordenbaumen, Sr., administrator of the succession of Mrs. Georgia C. Vordenbaumen, rejecting the demands of plaintiffs in rule and dismissing their suit, with costs in both courts.