**GRAY et al. v. VORDENBAUMEN et al.***

No. 5415.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Hardy & Hardy and Chandler & Chandler, all of Shreveport, for appellants.

L. Percy Garrot, of Shreveport, for appellees.

*Rehearing denied March 1, 1937.

HAMITER, Judge.

Judgment is sought herein by plaintiffs on an alleged indebtedness of $175.

The suit is a sequence to certain litigation had in cause No. 65194 on the docket of the First judicial district court of Caddo parish, entitled Succession of Georgia C. Vordenbaumen, which was later reviewed by us (169 So. 245). In that proceeding, these plaintiffs caused a rule to be directed to the administrator of the succession of Mrs. Vordenbaumen to show cause why their claim of $175, with interest, should not be recognized as a succession liability and paid. The claim was founded on a promissory note alleged to have been given by Mrs. Vordenbaumen which plaintiffs were compelled to pay by reason of their being accommodation indorsers thereon. The rule was made absolute by the trial court, and payment to claimants was ordered. The administrator appealed only devolutively from that judgment, and during the pendency of the appeal in this court the amount of the judgment was paid.

After a review of the proceedings, we reached the conclusion that the claim had not been properly proved. Consequently, the judgment of the trial court was avoided and the demands of plaintiffs in rule were rejected.

This suit was thereafter filed in the city court of Shreveport against two of the heirs of Mrs. Vordenbaumen, to recover from them the amount aforementioned.

In plaintiffs' petition in this cause, after relating the facts surrounding the creation of the claim in question, and averring that these defendants unconditionally accepted the estate of their deceased mother through judicial proceedings, they allege that the following letter was written and dispatched by defendant George C. Vordenbaumen to plaintiff Robert G. Chandler, to wit:

"January 16, 1935
"523 St. Hypolite St.

"Dear Robert:–

"I am in receipt of your letter January 14th, 1934, in regard to an old note in the amount of $200.00 which Mother borrowed from the then American National Bank, and in turn was disbursed by Dr. Holly and yourself.

"I am very glad that you called this matter to my attention, and assure you that the establishment of the validity of the note is entirely unnecessary. Edward and

I will be only too glad to repay Dr. Holly and yourself, and my only regret is that this matter has not been handled before. The total, or net, amount due—as you advised—is $175.00, which I think is a most equitable adjustment for Edward and myself. This amount is exclusive of interest, and I think that it is only right that you should figure the interest due, and advise me.

"If it will not inconvenience Dr. Holly and yourself to wait until such time as final disposition of the estate is made, we shall settle this debt at that time, which should be sometime within the next thirty days. If this arrangement is satisfactory, it will be handled in this manner.

"Give my kindest regards to Teeter, and again I thank you for calling this matter to my attention.

"Sincerely yours,

"George C. Vordenbaumen."

It is also alleged in the petition that the writer of the letter was duly authorized to bind defendant Edward H. Vordenbaumen, Jr., to the provisions thereof and all obligations created thereby.

They prayed for a solidary judgment against the defendants, and, alternatively, for judgment against George C. Vordenbaumen for the full amount of the claim.

Defendants, through counsel, first tendered a plea of res judicata. This was overruled.

Answer was then filed in which defendants denied the indebtedness. They admitted that they accepted the succession of their mother through judicial proceedings, but averred that thereafter a petition was filed by them and Elbert Caldwell Allard asking for an administration of said succession, and that Edward H. Vordenbaumen, Sr., was appointed administrator. They further admitted that George C. Vordenbaumen wrote the letter above quoted, but denied that he acted as the agent of the other defendant in so doing. Their prayer was for a rejection of plaintiffs' demands.

After trial of the merits of the case, the demands of plaintiffs were rejected as in case of nonsuit.

A devolutive appeal from this judgment was taken by plaintiffs. Defendants have neither appealed nor filed answer to the appeal perfected by plaintiffs.

The opinion of this court in the Succession of Vordenbaumen Case, supra, discloses that the legal proceedings against the administrator on the asserted indebtedness were instituted more than twelve months after the death of Mrs. Vordenbaumen, and that the only proof offered in support of the claim was parol evidence. Our conclusion that the indebtedness was not properly established was based on the provisions of section 1 of Act No. 11 of 1926, which read: "That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased."

Those provisions imply that some writing of a decedent, or of a person duly authorized by him, which evidences or gives recognition to his asserted indebtedness, is the only evidence that is competent or admissible to prove such debt in a suit against decedent's succession, or in a proceeding against his heirs when they are sought to be held responsible solely because they have accepted his succession unconditionally. No written evidence of the required character was offered on the trial of the rule, and, consequently, the claim did not prevail.

If the proceedings in that cause on the asserted indebtedness had been directed against the heirs of Mrs. Vordenbaumen, instead of against the administrator, assuming arguendo that they had unconditionally accepted the estate and had bound themselves for all succession debts, our conclusion with reference to their liability as heirs would have been the same. This is so because of the lack of the above-described competent evidence.

The suit presently before us is not predicated solely on the proposition that defendants are responsible because of their occupying the position of heirs who have accepted decedent's succession. If it were, the foregoing expressions would foreclose any further discussion of the case. Liability is herein sought to be fixed on these defendants on the theory that the above-quoted letter, admittedly written by defendant George C. Vordenbaumen, was an independent promise to pay to plaintiffs the sum of $175. It is to be recalled that the letter states: "Edward and I will be only too glad to repay Dr. Holly and yourself, and my only regret is that this matter has not been handled before. The

total, or net amount due—as you advised—is $175.00. * * *"

It is unnecessary for us to determine whether or not the letter has the legal significance of an unconditional promise to pay. If it had such an effect, plaintiffs are not entitled to recover herein because of a particular clause in the letter and the condition of the record before us. The clause referred to reads: "If it will not inconvenience Dr. Holly and yourself to wait until such time as final disposition of the estate is made, we shall settle this debt at that time, which should be sometime within the next thirty days. If this arrangement is satisfactory, it will be handled in this manner."

■ According to that provision, the proposed payment of $175 was to be made upon the happening of a certain event; namely, the final settlement of the estate of Mrs. Vordenbaumen. The record is silent as to whether or not that event has occurred. If it has not, a suit on the instrument is premature. If it has, the burden of proving that fact, which is on plaintiffs, has not been discharged herein. Williams, Phillips & Co. v. W. M. Benton, 10 La.Ann. 158; Drawn v. Cherry, 14 La.Ann. 694.

The question of whether or not the giving of the letter was supported by a valid and sufficient consideration is not raised by the pleadings or the evidence, although it is referred to by defendants' counsel in his brief, and we do not discuss it here.

■ Defendants urge in this court their plea of res judicata. We think that this plea is without merit. Article 2286 of the Civil Code provides: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

The demand in this suit is not founded on the same cause of action as that in the Succession of Vordenbaumen Case. As above shown, the letter in question forms the basis of this suit, while the asserted indebtedness of decedent is the foundation of the other proceeding.

Counsel for defendants calls attention to the fact that plaintiffs collected the sum in controversy from the administrator under the authority of the district court's judgment in the former case, and have not repaid it, although that judgment was reversed by us. He argues that this suit should fail because of that situation. By reason of the conclusion reached herein, it is unnecessary for us to pass upon or discuss this contention.

The judgment of the trial court, which rejected the demands of plaintiffs as in case of nonsuit, is correct. Accordingly, it is affirmed, with costs.