### VORDENBAUMEN et al. v. GRAY et al.

#### No. 5773.

Court of Appeal of Louisiana. Second Circuit.

March 31, 1939.

Rehearing Denied April 28, 1939.

L. Percy Garrot, of Shreveport, for plaintiffs-appellants-appellees.

Chandler & Chandler and Hardy & Hardy, all of Shreveport, for defendants-appellants-appellees.

DREW, Judge.

This action was brought by Edward H. Vordenbaumen, Jr., George C. Vordenbaumen, and Elbert Caldwell Allard, as heirs of Mrs. Georgia C. Vordenbaumen, to recover $235.07 paid the defendants, Robert H. Gray and Robert G. Chandler, in execution on a judgment rendered against Edward H. Vordenbaumen, Sr., Administrator of the Succession of Mrs. Georgia C. Vordenbaumen by the First Judicial District Court of Caddo Parish; and to recover an additional $5 paid as costs in the appeal of the case. The aforementioned judgment was rendered December 7, 1935, and the administrator applied for and was granted a devolutive appeal made returnable to this court January 8, 1936. On January 31, 1936, the administrator was forced to pay the defendants in the present action $235.07, constituting judgment and costs of the district court. The judgment of the district court was reversed by this court in Succession of Georgia C. Vordenbaumen, 169 So. 245, and costs of both courts were assessed against plaintiffs,—defendants in the present cause,—on the ground that parol evidence 'was inadmissible to establish the claims of the plaintiffs as more than a year had elapsed since the death of Mrs. Vordenbaumen and plaintiffs were unable to produce the note signed by them as sureties, alleged to have been paid in behalf of Mrs. Vordenbaumen.

The defendants reconvened, naming Edward H. Vordenbaumen, Jr., and George C. Vordenbaumen defendants in reconvention, asking for judgment against them jointly and in solido in the amount of $175, with five per cent interest from July 9, 1930, until paid. The defendants in reconvention filed a plea of res judicata to this demand which was overruled by the trial court.

After trial was had on the merits, there was judgment in favor of the plaintiffs, Edward H. Vordenbaumen, Jr., George C. Vordenbaumen, and Elbert Caldwell Allard, against defendants, Robert H. Gray and Robert G. Chandler, in the sum of $240.07, with legal interest from January 31, 1936 until paid, and in favor of the plaintiffs in reconvention, Robert H. Gray and Robert G. Chandler, against George C. Vordenbaumen in the sum of $175, with legal interest from July 9, 1930 until paid. From the judgment rendered against George C. Vordenbaumen, defendant in reconvention, and from the judgment rendered against defendants in the main demand, all parties appealed.

The basis of the reconventional demand is an alleged promise on the part of George C. Vordenbaumen in behalf of himself and as agent of Edward H. Vordenbaumen, Jr., to pay the debt due Chandler and Gray by his deceased mother.

The first question to be decided is whether an exception of res judicata directed at this demand should be sustained.

■ The Succession of Vordenbaumen, *supra*, is pointed out as being decisive of the issues here involved. We are of the opinion that case is not decisive of the issues here involved. The asserted indebtedness of Mrs. Vordenbaumen formed the basis of that suit, while here the plaintiff in reconvention seeks to maintain his action on the promise of defendants to pay the debt. Neither the cause nor the parties are the same.

Article 2286 of the Revised Civil Code provides: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

■ It is further contended that in the event that case is not decisive of the issues herein presented, the decision rendered in the case of Gray et al. v. George C. Vordenbaumen et al., La.App., 172 So. 189, finally disposed of the matter. It is true that suit was founded upon the same cause and was between the same parties as the present suit, but since the alleged promise of the defendant was, at best, conditioned on the final settlement of the Succession of Mrs. Vordenbaumen, *supra*, the judgment of the city court dismissing the case as of nonsuit was considered correct and the judgment affirmed on the ground that it had not been shown that the estate had been settled before the suit was filed. A judgment of nonsuit decides nothing and leaves open for further adjudication all questions of law and fact, provided plaintiff sees fit to file a subsequent suit on the demand. Code of Practice, Article 536; Goudeau v. Roach, 173 La. 61, 136 So. 88; McCook v. Comegys, 169 La. 701, 125 So. 860.

The demand of the plaintiffs in reconvention is founded upon the following correspondence:

On January 14, Robert G. Chandler wrote the following letter to George C. Vordenbaumen:

"Dear George:

"Some years ago your mother borrowed $200.00 from the then American National Bank on a note endorsed by Dr. Gray and me. This note was renewed over a considerable period of time and the principal amount was reduced in the sum of $25.00, making a net amount due of $175.00.

"When the American National Bank got into difficulties they demanded that the note be paid and as a result Uncle Holly and I paid the note. We said nothing about it and would have been content to let the matter go, but affairs have so developed that Uncle Holly and I really need the money and since you and Edward have inherited some money it occurred to me that you might want to pay this amount. We can forget about the interest.

"I talked to Edward and we agreed that we each would write you giving you the facts. I believe the note itself was marked 'paid' by the bank and destroyed by me. However, the fact that it existed and was paid by us can be established satisfactorily. Both Walter and the young lady who works in the office know of the existence of the note and of course, Uncle Holly likewise knows. If it came to it we could probably ask the old bank to examine its records to establish the payment, but since the bank has gone out of business it might entail some trouble.

"Edward tells me that he personally wants to pay the amount of the note and if you agree with him I will appreciate it very much. Of course, you realize our friendship for you and your family and if you do not agree with me, that will be the end of it.

"With kindest personal regards, I am

"Very sincerely yours,

"[Signed] Robert G. Chandler."

In reply to the above letter, George C. Vordenbaumen wrote Robert G. Chandler as follows:

"Dear Robert:

"I am in receipt of your letter January 14, 1934, in regard to an old note in the amount of $200.00 which Mother borrowed from the then American National Bank, and in turn was disbursed by Dr. Holly and yourself.

"I am very glad that you called this matter to my attention, and assure you that the establishment of the validity of the note is entirely unnecessary. Edward and I will be only too glad to repay Dr. Holly and yourself, and my only regret is that this matter has not been handled before. The total, or net, amount due—as you advised—is $175.00, which I think is a most equitable adjustment for Edward and myself. This amount is exclusive of interest, and I think that it is only right that you should figure the interest due, and advise me.

"If it will not inconvenience Dr. Holly and yourself to wait until such time as final disposition of the estate is made, we shall settle this debt at that time, which should be sometime within the next thirty days. If this arrangement is satisfactory, it will be handled in this manner.

"Give my kindest regards to Teeter, and again I thank you for calling this matter to my attention.

"Sincerely yours,

"[Signed]   George C. Vordenbaumen."

On the sixth of February, Chandler replied as follows:

"Dear George:

"I acknowledge receipt of your letter of January 16th, referring to the balance of $175.00 due Uncle Holly and me on an old note of your mother's.

"I appreciate your attitude with reference to the note and of course we would not mind waiting the thirty (30) days for the settlement of the estate. However, if it is possible for you to secure the funds necessary to liquidate the note at this time we would both appreciate it as we are both in need of the money.

"If you desire to pay the interest that is satisfactory to us, but for a settlement as soon as possible we would be glad to accept the face of the note, namely $175.00. If you do pay the interest my check stubs show that we made the final payment on the note on November 20th, 1930 and consequently you would owe eight (8%) per cent interest from that date.

"We are more than glad to co-operate with you in any way and appreciate your attitude in connection with this obligation, but we would really prefer not to make the payment dependent on the settlement of the estate as those matters sometimes drag on indefinitely. Consequently, if you could pay the balance due, or any part of it, now we would appreciate it very much.

"With kindest personal regards, I am

"Very sincerely yours,

"[Signed]   Robert G. Chandler."

It is strenuously argued by the defendant in reconvention, (1) that the letter of George C. Vordenbaumen does not constitute an offer to pay the debt due Mr. Chandler and Dr. Gray by Vordenbaumen's deceased mother; (2) that even though the letter does embody such an offer, it was never accepted and, therefore, never ripened into an enforceable contract; and (3) that no consideration exists for the promise given as the debt was unenforceable against the estate of Mrs. Vordenbaumen, having been extinguished by the lapse of more than one year since the time of her death.

The rules governing the law of contracts, as well as other civil rights, privileges and immunities, are embodied in the Revised Civil Code of this state, and to that source we must turn to obtain the principles decisive of this controversy.

Article 1798 of the Civil Code provides: "As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point."

Article 1805 provides as follows: "The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it."

In providing for the interpretation of agreements, Article 1945 establishes the following rules:

"That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;

"*   *   * That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences;

"*   *   * That it is the common intent of the parties—that is, the intention of all—that is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract."

In order to determine whether or not a common consent existed in this case, it is necessary to analyze the correspondence out of which this contract is alleged to have arisen.

■ The tenor of the letter written to George Vordenbaumen by Robert Chandler on January 14, consists of an offer by Mr. Chandler, in behalf of himself and as agent for Dr. Gray, to accept payment from George and Edward Vordenbaumen of the amount due them by their deceased mother, with a stipulation for remission of the interest. It is strenuously urged by the assiduous counsel for the defense that this letter predicates the requested payment on the settlement of the succession of Mrs. Vordenbaumen, due to the

following phraseology: "Uncle Holly and I really need the money and since you and Edward have inherited some money it occurred to me that you might want to pay this amount."

We are of the opinion that this is not a request for a promise to pay when the succession was finally settled. Furthermore, if that was the actual intent of the offer, the promise of Mr. Vordenbaumen to pay the debt on that condition completed the contract and there would be no necessity of a further examination of the correspondence between the parties. However, this offer was not accepted by Mr. Vordenbaumen, as his acceptance was conditioned upon the settlement of his mother's succession. The following language contained in Mr. Vordenbaumen's letter of January 16, we believe, bears out this conclusion:

"I am very glad that you called this matter to my attention, and assure you that the establishment of the validity of the note is entirely unnecessary. Edward and I will be only too glad to repay Dr. Holly and yourself, and my only regret is that this matter has not been handled before. The total, or net, amount due—as you advised—is $175.00, which I think is a most equitable adjustment for Edward and myself. This amount is exclusive of interest, and I think that it is only right that you should figure the interest due, and advise me.

"If it will not inconvenience Dr. Holly and yourself to wait until such time as final disposition of the estate is made, we shall settle this debt at that time, which should be sometime within the next thirty days."

Under the terms of Article 1806 of the Civil Code, "The modification or change of the proposition is, in all respects, considered as a new offer, and the party making it, is bound by the acceptance in the same manner as if the original proposition had been made by him." This article, when construed in conjunction with Article 1805, simply means that an acceptance burdened with some condition that was not included in the original offer constitutes a new offer that might be accepted or rejected by the original offeror as he sees fit.

The next question to consider, then, is whether or not Mr. Chandler's reply to this offer constitutes an unconditional acceptance. We think it does, and point out the following excerpts to bear out our conclusions.

"I appreciate your attitude with reference to the note and of course we would not mind waiting the thirty (30) days for the settlement of the estate. However, if it is possible for you to secure the funds necessary to liquidate the note at this time we would both appreciate it as we are both in need of the money.

"If you desire to pay the interest that is satisfactory to us, but for a settlement as soon as possible we would be glad to accept the face of the note, namely $175.00. If you do pay the interest my check stubs show that we made the final payment on the note on November 20th, 1930 and consequently you would owe eight (8%) per cent interest from that date."

The tenor of this letter clearly evidences a willingness on the part of Chandler to accept the terms of Vordenbaumen, both for himself and on behalf of Dr. Gray. His expression of a desire to have the debt paid immediately is not indicative of an intention to burden the offer with the condition of immediate payment; therefore, it should not operate as a rejection of the terms. The first sentence unqualifiedly accepts the offer. The expression of the desire for immediate payment, together with a suggestion that interest will be waived in that event, is not an additional condition to be placed on the proposed contract, but an expression of a desire for performance before the debt is due, thereby clearly signifying that he looked upon the correspondence between the two parties as giving rise to a valid and enforceable contract.

The defendants in reconvention raise the further defense of lack of sufficient consideration to form a binding contract. It has been held on numerous occasions that the promise to pay the debt of a third party is sufficient to support a contract in this state. Louisiana Store & Market Equipment Co. v. Moore, La.App., 167 So. 477, and cases cited therein.

The provisions of Act No. 11 of 1926 clearly show that it is not a prescriptive statute. It merely limits the time in which obligations of a deceased may be proved by parol evidence to one year when it is sought to hold the heirs or the effects of the succession. Its provisions may not be invoked in order to defeat a claim

in which it is sought to enforce a new contract, the consideration for which is the obligation of the deceased. The purpose of this statute is to protect the property of deceased from unfounded claims that might be refuted by his testimony were he able to defend himself. A promise by the heir to pay this debt has the effect of waiving the right to invoke the provisions of this statute. This is not a prescriptive statute in the strict sense of the word as the running of prescription prevents the proof of an obligation in any manner whatever, while this statute prevents parol proof only, where more than a year elapses. Since the greater includes the lesser, it must follow that under the terms of Articles 1758 and 1759 of the Civil Code, this unenforceable debt was sufficient consideration to support a subsequent promise to pay. The moral obligation still existed.

The record does not disclose the fact that George Vordenbaumen was authorized to act as agent for his brother, nor that his brother subsequently ratified the unauthorized act of the former. Further, there is no proof that he ever offered to pay the debt in his own behalf. The demands as against Edward Vordenbaumen, Jr., then, were correctly dismissed.

It is a well settled principle of law in this state, that one who acts without authority, or exceeds his authority when purporting to act for or in behalf of another, is personally bound to fulfill the terms of the contract made. Revised Civil Code, articles 3010, 3012, 3013; Richie v. Bass, 15 La.Ann. 668; Piazza v. Stef, 13 Orleans App. 245. Since George Vordenbaumen had no authority to act in behalf of Edward, it must necessarily follow that he is liable for the entire amount.

It is urged by the defendants in the main demand that the plaintiffs are without a right of action in this suit as the final account of the administrator did not list this debt among the effects of the succession and, consequently, the heirs have never been sent into possession of this claim. We think that this position is without foundation. A judgment putting heirs in possession terminates a succession. Thereafter an heir has the right to pursue and recover any property of the deceased in the hands of a third person, whenever they can identify it. Mahoney v. Perkins, 166 La. 730, 117 So. 810; Shields v. Michel, 1 La.App. 603.

For the foregoing reasons, the judgments of the district court are affirmed; costs of appeal to be equally divided between plaintiff George C. Vordenbaumen and defendants in the main demand.