REDMANN, Chief Judge,
dissenting.
Strahan v. Landis Construction Co., Inc., 499 So.2d 417 (La.App. 4 Cir.1986), cert, granted 500 So.2d 414, is in point but superseded by the supreme court’s writ grant. As demonstrated by Judge Barry in his dissent in Strahan, however, and as suggested by the writ grant, Strahan was wrongly decided. The present case can only be correctly decided by disagreeing with Strahan and overruling Miller v. Housing Authority of N.O., 175 So.2d 326 (La.App. 4 Cir.1965), rev’d in part 249 La. *609 623, 190 So.2d 75 (1966), upon which Stra-han relied. This case should be referred to the court en banc to approve overruling Miller.
The obvious, commonsense interpretation of the contractual provision for payment to the subcontractor (“final payment will be made by said Contractor to said Sub-contractor immediately following ... final payment received by said Contractor ...”) is that the subcontractor will be paid when the contractor is paid (within the reasonable time expectable in ordinary course), not that the subcontractor will be paid if the contractor is paid.
The contrary interpretation requires an intent by the parties that, depending on whether the owner pays or not, the contractor collects the profit while the subcontractors suffer any loss. That interpretation is simply not reasonable.
That interpretation, furthermore, would defeat the purpose of the Private Works Act, La.R.S. 9:4801 et seq. (revised to its present state by La.Acts 1981 No. 724, but part of the law of Louisiana since before it became a state; see Digest of 1808 p. 470 art. 75 par. 1). Louisiana law has at all times guaranteed payment to persons whose labor and material improve immovable property, by giving them a high-ranking privilege on the proceeds of the improved property — a privilege that originally outranked even prior-recorded mortgages (see C.C. 3186 and 3269). Perhaps the most profound change in this law over the years (in addition to partial relief for prior-recorded mortgagees) was the provision that a contractor’s bond could substitute for that high-ranking privilege of the subcontractor, laborer, materialman, etc. But because the contractor’s bond is a substitute for that privilege that the law otherwise grants, it has been held that not even statutory wording can be construed— not even if “construed literally” — to defeat a protected claimant’s right against the surety on the contractor’s bond. Dixie Building Material Co. v. Massachusetts Bonding & Ins. Co., 167 La. 399, 119 So. 405, 406 (1928). To hold that the inexplicit, imprecisely-worded clause in the present case is a condition of a subcontractor’s entitlement to be paid would deny the subcontractor the protection that the Private Works Act and its forbears have guaranteed since before Louisiana was a state.
Strahan should be repudiated, in respect to both the contractor’s and, especially, the surety’s liability. At least the surety must pay the subcontractor (which means, because of the surety’s rights of reimbursement, C.C. 3052 (see Cleveland v. Comstock, 22 La.Ann. 597 (1870)), and subrogation, C.C. 3053, apart from the contractual indemnity a commercial surety exacts, the contractor would pay in any case).
The judgment appealed from should be affirmed and Miller should be expressly overruled.